### TEXAS PUBLIC UTILITIES CO. v. BASS et al.　(No. 7104.)

Court of Civil Appeals of Texas. Austin.
June 29, 1927.

Rehearing Denied July 20, 1927.

1. **Eminent domain ⬅222(4)—Instruction on damages in condemnation proceedings, not defining "value of land actually taken," held erroneous.**

In condemnation proceedings for right of way for electric transmission line, instruction that owners were entitled to recover present market value of their land actually taken, together with injury, if any, sustained to remaining portion of tract, *held* erroneous because it did not define meaning of term "value of their land actually taken."

2. **Eminent domain ⬅222(5)—Instruction on damages in condemnation proceedings for right of way for electric line, not instructing that remaining use to owners should be considered, held erroneous.**

In condemnation proceedings for right of way for electric transmission line, instruction that owners were entitled to recover present market value of land actually taken, together with injury, if any, sustained to remaining portion of tract, *held* erroneous as not instructing that remaining use to owners in area covered by right of way for ordinary farming purposes should be considered in arriving at amount of damages.

3. **Eminent domain ⬅222(5)—Instruction on damages in condemnation proceeding for right of way for electric line held erroneous as not following rule fixed by statute (Rev. St. 1925, art. 3265).**

In condemnation proceeding for right of way across land for electric transmission line, instruction that owners were entitled to recover present market value of land actually taken, together with injury, if any, sustained to re-

maining portion of tract, *held* erroneous as not following rule or measure of damages fixed by Rev. St. 1925, art. 3265.

**4. Eminent domain ⚖═222(5)—Court must determine nature and extent of property condemned and instruct jury thereon in connection with rule of damages applicable.**

In condemnation proceedings, court must determine as matter of law nature and extent of property condemned and instruct jury thereon in connection with rule of compensation or damages applicable to particular case.

**5. Evidence ⚖═474(18)—Evidence of value of land before and after construction of electric line by witnesses, not experienced in ascertaining value of land crossed by electric line, held properly admitted.**

In condemnation proceedings for the right of way across land for electric transmission line, admitting evidence of value of land before and after construction thereon of electric transmission line by witnesses, who were not shown to have had any experience in ascertaining value of lands on which transmission line had been erected, *held* not error.

**6. Evidence ⚖═501(7)—Where witnesses testified to difference in market value of land before and after construction of electric line, definition of "market value" was unnecessary.**

In condemnation proceedings for right of way across land for electric transmission line, where witnesses simply testified to difference in market value of land before and after construction of line, it was unnecessary to define what was meant by term "market value."

Appeal from Milam County Court; Jeff T. Kemp, Judge.

Condemnation proceedings by the Texas Public Utilities Company against Anna F. Bass and others. From the judgment, plaintiff appeals, and defendants cross-assign error. Affirmed in part, and in part reversed and remanded.

Henderson, Kidd & Henderson, of Cameron, for appellant.

E. A. Wallace, of Cameron, for appellees.

BLAIR, J. Appellant, Texas Public Utilities Company, instituted condemnation proceedings against appellees Anna F. Bass and her husband, J. W. Bass, and William R. Fitzwilliam, as owners, and O. L. Smith, W. D. Matthews, and Jim Matthews, as tenants, of a 210-acre tract of land, to condemn a right of way or easement on and across said land for the purpose of erecting, operating, and maintaining thereon its electric transmission line. The commissioners appointed to assess the resulting damages found for the owners, Bass and Fitzwilliam, $175; for Smith, $15; and for each of the Matthews, $30; and all appellees filed objections to the findings of the commissioners. Appellant then deposited $500 in the registry of the court and went into possession of the property sought to be condemned and constructed thereon its transmission line.

By amended pleadings the appellee owners alleged that the nature, right, title, and interest condemned in the land gave appellant actual dominion, control, and usage of the entire right of way, a strip of land 50 feet on each side of the transmission line, which extended across the 210-acre tract, and containing about 9 acres of land; and that the line passed over the land diagonally and in such manner as to damage the entire tract $20 per acre, and prayed for $4,200 damages. Appellant replied that it only condemned a right of way or easement over the land on which to place its poles and string wires thereto and over the land, with right to prohibit any buildings and structures and growth, other than ordinary farm crops, from being placed or grown on the strip of land described, and with right of ingress and egress to and from the land described for the purpose of operating and maintaining its said transmission line; and the case proceeded to trial on these two issues.

On the issue of damages the jury found for the owners, Bass and Fitzwilliam, $700, as damages resulting from the condemnation; and for the tenants, O. L. Smith, $25; W. D. Matthews, $55; and Jim Matthews, $50 as damages in connection with their growing crops on the right of way described, which were injured while appellant was constructing its said transmission line; and judgments were accordingly rendered for each of the appellees against appellant.

Neither the appellant nor the appellees attack here the judgments rendered in favor of the tenants for crop damages, and each of them will be affirmed.

With reference to damages sustained by the owners, Bass and Fitzwilliam, the court submitted the following issue and instructions in connection therewith to the jury:

"What is the actual damage that has accrued to the defendants Anna F. Bass and W. R. Fitzwilliam by reason of the condemnation of the land described in plaintiff's petition?

"In this connection, you are instructed that the defendants Anna F. Bass and W. R. Fitzwilliam are entitled to recover the present market value of their land actually taken, together with the injury, if any, sustained to the remaining portion of said 210-acre tract of land.

"You are instructed that the term 'market value' is the price which the property will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it."

[1-3] Appellant objected to the instructions, first, because the court did not define to the jury the meaning of the term "value of their land actually taken"; and, second, because the court refused to instruct as requested that the remaining use to the owners in the area covered by the right of way for ordinary

farming purposes should be considered in arriving at the amount of damages to be allowed the owners.

Appellees objected to the issue and instructions given and cross-assign error here, first, because the court did not follow the statutory rule or measure of damages in such cases; and, second, because the statutes under the evidence adduced in this case required the court to charge the jury that the owners were entitled to receive as compensation "the market value of the land taken, plus the damages done to the remainder of the tract."

We have reached the conclusion that both of appellant's objections to the instruction should have been sustained, and that the trial court should have followed the rule or measure of damages fixed by the statutes in its instructions to the jury.

[4] Under the provisions of article 3265, R. S. 1925, the measure of damages, except in cases where the whole tract or parcel of land is condemned, is "the actual damages that will accrue to the owner by such condemnation," which may be arrived at by allowing the value of the property condemned by reason of the condemnation; and such consequential damages for injuries sustained to the remainder of the tract by reason of the condemnation, and by reason of the manner in which the object or thing for which the land is condemned is constructed, or employed, or the shape in which the land may be taken, against which consequential damages, when pleaded and proved, may be set off the increased value of the land remaining by reason of building the thing for which the land is condemned. No benefit or increased value was alleged or proved here as resulting to the remainder of the tract of land. It is a matter of law for the court to determine the nature and extent of the property condemned, and the jury should be instructed thereon in connection with the rule of compensation or damages applicable to the particular case. So, in view of another trial of this case, we suggest that, if the same state of facts exists as presented now, the court should charge the jury in connection with the issue of damages substantially as follows:

"You are charged that the property condemned in this case is a right of way or easement on and over and across a 210-acre tract of land owned by defendants Bass and Fitzwilliam, to be employed by plaintiff for the purpose of operating and maintaining thereon an electric transmission line, which is minutely described in plaintiff's petition; and that the essential elements of the right of way or easement consist of plaintiff's right to place and maintain its poles in and upon the land and to string or attach wires thereto and over the land; the right to prohibit the erection of buildings and structures and to control all growth, other than ordinary farm crops, on or within a space bounded by a line 50 feet on each side of and parallel to the center of the transmission line; and the right of ingress and egress to and from and over the strip of land described for the purpose of operating and maintaining the said transmission line, but with no right to occupy any part of the surface of the land described except the portion occupied by the poles and that portion necessary for ingress and egress in operating and maintaining the transmission line, and the right of defendants to cultivate the land above described in ordinary farm crops, except in so far as the property is employed by plaintiff as above detailed, is not interfered with by the condemnation.

"You are further charged in this connection and as to the value of the property condemned, and as to the damages which will be sustained by the owners, defendants herein, you shall estimate the value of the property condemned and the injuries that will result by reason of the condemnation of the property and its employment for the purposes for which it is condemned; and the restrictions of use imposed upon the owners by the condemnation; and such consequential injuries or damages as may result to the remainder of the land from the manner in which the transmission line is constructed and by reason of such condemnation, and its employment for the purposes for which it is condemned; and you shall, according to this rule, assess the actual damages that will accrue to the owners by such condemnation, but you are not to take into consideration any damages that may be done to future farm crops that may be damaged by plaintiff in the exercise of its right of ingress and egress to and from and over the right of way condemned, for the purpose of operating and maintaining its said transmission line."

[5, 6] Appellant complains of the introduction of certain testimony as to the value of land before and after the construction thereon of the electric transmission line, because the witnesses were not shown to have had any experience in ascertaining the value of lands on which transmission lines had been erected. The contention is not sustained. The value of land before and after any given thing is constructed thereon, or its value before and after any given use is made of it, is a matter of opinion, and the measure of damages for any given permanent injury to land is the difference between its value before and after its injury. So as a part of the "actual damages" that may be sustained to a tract of land, a part of which has been condemned under the law of eminent domain, proof of its value before the condemnation and its value after condemnation and its employment for the purpose for which it is condemned may be shown. And where the witnesses simply testify to the difference in the market value of land as above stated, we see no necessity for defining what is meant by the term "market value."

From what has been said, we affirm the judgment of the trial court in part, and in part reverse and remand the cause in accordance with this opinion.

Affirmed in part, and in part reversed and remanded.