**J. A. RUBLE et al., Appellants,**

v.

**CITY OF SAN ANTONIO, Appellee.**

**No. 15022.**

Court of Civil Appeals of Texas,
San Antonio.

Feb. 23, 1972.

Rehearing Denied March 29, 1972.

W. Pat Camp, Robert C. Patterson, San Antonio, for appellants.

Matthews, Nowlin, Macfarlane & Barrett, Craig L. Austin, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a condemnation suit brought to acquire property for the Calaveras power plant and lake in southeast Bexar County. The City of San Antonio, acting by and through its City Public Service Board, brought this action to condemn fee title to 234.61 acres of land out of a larger tract belonging to J. A. Ruble, containing approximately 684.1 acres.

The Special Commissioners entered an award in the amount of $65,000.00, to which both the City and the landowner timely filed their objections.

At the beginning of the trial the parties stipulated that there was an easement on the part taken which covered 160.25 acres.[1]

The jury, in answer to the issues submitted, found that the fair market value of the 234.61 acres taken was $60,223.25, and that the land remaining was not damaged. Judgment was entered in accordance with

---

1. For a full background of the easement involved, see City of San Antonio v. Ruble, 443 S.W.2d 894 [Tex.Civ.App.—San Antonio 1969, 453 S.W.2d 280 (Tex.1970)].

the jury verdict. The parties will be herein referred to as they were in the trial court.

Defendant brings forth nine points of error, three of which complain of the court's charge and instructions. By such points defendant asserts: (1) the trial court erred in refusing defendant's Requested Instruction No. 1, which error resulted in an improper and inadequate judgment; (2) the trial court erred in overruling defendant's objection to the charge of the court to the jury, which error resulted in an improper and inadequate judgment; and (3) the trial court erred in refusing defendant's Requested Instructions Nos. 2, 3 and 4, which error resulted in an improper and inadequate judgment.

The court's charge to the jury included the following instruction:

"You are instructed that the land in question was subject to an easement which authorized the construction, operation and maintenance of an earthen fill dam upon such land for retarding the flow of floodwaters and the reduction of sedimentation. Said easement authorized a sedimentation pool and inundation up to the 477.5 foot contour line with a further easement right for temporary and periodic inundations following heavy rains up to the 496 foot contour line with the fee owner retaining the right of free access to and upon the fresh waters impounded by the dam including the right to the free and unrestricted use of the waters for recreation, watering livestock and irrigation of his adjoining lands."

A portion of defendant's Requested Instruction No. 1 [2] is basically similar to the court's instruction. However, defendant additionally requested as a part of such instruction the following: "You are further instructed that the Defendant landowner retains unto himself, his heirs, executors, administrators, successors and assigns, the right to use said lands for his own purposes, so long as such use does not interfere with the rights and privileges authorized by the easement." [3]

2. "You are instructed that Defendant's land was subject to an easement which authorized the construction, operation and maintenance of an earthen fill dam for retarding the flow of floodwaters and the reduction of sedimentation. The easement authorized a sedimentation pool and inundation up to the 477.5 contour line with the further easement right for temporary and periodic inundations following heavy rains up to the 496 foot contour line with the Defendant landowner retaining the right of free access to and upon the fresh waters impounded by the dam including the right to the free and unrestricted use of the waters for recreation, watering livestock and irrigation of his adjoining lands.
"You are further instructed that the Defendant landowner retains unto himself, his heirs, executors, administrators, successors and assigns, the right to use said lands for his own purposes, so long as such use does not interfere with the rights and privileges authorized by the easement."

3. The requested additional instruction contains substantially the language found in the model instructions in Rayburn, Texas Law of Condemnation, Section 169(2), entitled "Definition of Easement—Pipe Lines":
"By the term 'easement,' as used in this charge is meant, the right to use the land for the specified purposes set out in the pipe line company's petition, and for no other purpose; so that the underlying title to the lands covered by the easement, as well as the right to use, occupy and otherwise enjoy the land and property, remains in the original landowner . . . . . . . . . . . . . ; provided however, that such use, occupancy, and enjoyment of the underlying landowner, is not inconsistent with, or does not interfere with, the designated, and specified uses of such land, for the purposes for which the easement is being acquired by the . . . . . . . . . . . . (Pipe Line Co.)"
See also Section 178(2), supra, "Electric Light & Power and Other Utility Easements—Instructions":
"1. You are instructed, that the right of way and easement being obtained by the plaintiff, Central Power & Light Co., through this condemnation, will confer upon said light company plaintiff, the right to construct, maintain, renew, repair, operate, and remove, an electric transmis-

Defendant's Requested Instructions Nos. 2, 3 and 4 are similar to defendant's Requested Instruction No. 1, and differ only in the wording of the last paragraph of each instruction.[4]

Defendant's basic complaint with regard to the court's instruction is that it fails to advise the jury that all rights not granted in the easement are retained by the landowner. Defendant contends that the value of having the soil conservation lake on the property at least offsets the decrease in value, if any, of the land which was subjected to the easement in order to have the lake. Plaintiff, on the other hand, contended that all of the land subject to the easement, including the lake area, was greatly decreased in value. It appears from the record that of the 234.61 acres taken, 160.25 acres is subject to the easement. Of such 160.25 acres, less than 40 acres is taken up by the lake, and there are more than 120 acres that are not covered by the lake. It is to be noted that the court's instruction to the jury was restricted to what right was retained by the landowner in and to the fresh water impounded but contains no instruction as to the rights retained by the landowner in and to the land which was not covered by fresh water.

■ In easement condemnation cases, the purposes, rights and limitations of the condemnors in the use of easements are of great variety and must be clearly delineated. It is the duty of the trial court by way of instructions in the court's charge to explain the rights of the parties under the particular easement being sought. White v. Natural Gas Pipeline Co. of America, 444 S.W.2d 298, 303 (Tex.1969); Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958); Texas Public Utilities Co. v. Bass, 297 S.W. 301 (Tex. Civ.App.—Austin 1927, writ dismissed). Our Supreme Court in Texas Power & Light Co. v. Cole, supra, said: "It was the function of the petition to describe the nature and extent of the easement required. . . . It thereupon became the duty of the judge of that court to explain in detail the extent of the easement sought to be condemned in order that the jury might properly evaluate the value of both the fifty foot strip and the balance of the tract exclusive of the strip before the

---

sion line, together with the right of ingress, and egress, for such purposes specified, and with the right to use said 6.8 acres of land covered by such right of way, and easement for such purposes.

"2. You are further instructed, that by the terms of the easement obtained by the plaintiff light company through said condemnation proceedings, all rights in, and to, said land, not inconsistent with the right of way easement granted to the plaintiff light company by said condemnation proceedings, are reserved by and to the defendant landowners.

"3. "By the term" "easement", as used in this charge, is meant the right to use the 6.8 acres of land of the defendants', for the above specified purposes and none other; so that title to the property covered by the easement right of way, as well as the right to use, occupy, and enjoy the property, remains in the defendant landowners, provided however, that such use, occupancy, and enjoyment of the 6.8 acres by the defendant landowners, does not interfere with the use of said 6.8 acres, for the speci-

fied purposes for which said easement and right of way has been acquired by Central Power & Light Company, through said condemnation proceedings.' "

**4.** 2. "You are further instructed that by the terms of the easement all rights in and to said land, not inconsistent with the rights set out immediately hereinabove, are reserved by the Defendant landowner."

3. "You are further instructed that by the terms of the easement all rights in and to said land and water thereon not inconsistent with the rights set out immediately hereinabove, are reserved by the Defendant landowner."

4. "You are further instructed that by the terms of the easement the Defendant landowner retains unto himself, his heirs, executors, administrators, successors and assigns, the right to use said lands and water thereon for his own purposes, so long as such use does not interfere with the rights and privileges set out immediately hereinabove."

taking, as well as afterwards. Such instructions accurately describing the required easement and the incidents thereto can hardly be said to constitute a comment upon the weight of the evidence." 158 Tex. at 501–502, 313 S.W.2d at 529.

◼ Although the case before us involves a fee taking, instead of an easement condemnation, we think it equally important in a case where the fee being taken is incumbered by an easement, that appropriate instructions be also given by the court as to the nature of the easement to which the property is subject, setting forth in some detail the rights, privileges and limitations of both the landowner and the easement holder with regard to that portion of the property covered by the easement.[5]

◼ We are of the opinion that the instruction submitted by the court is proper except that it did not go far enough. We have concluded that the court should have submitted the additional instruction requested by defendant, hereinbefore set forth, in addition to the instruction which was submitted.

The harm resulting from such incomplete instruction was compounded by certain questions and argument made by counsel for plaintiff during the trial. Through-

out the trial plaintiff's counsel continued to advise the jury, over defendant's objections, that defendant had filed a suit to have the easement removed from his property, and that if he really believed that the easement did not depreciate the value of such property, he would not have filed such a suit.[6] In addition, during his argument to the jury, plaintiff's counsel referred to the easement as an albatross around the landowner's land; that the landowner could not build anything on it; that there was nothing he could do with it; and that in essence he has got to give it to somebody. While such questions and arguments alone may not constitute harmful error, we think that when taken with the incomplete court instruction, an erroneous impression was created as to the rights of the landowner in and to the land subject to the easement, which was harmful and resulted in an improper judgment.[7]

We are of the opinion that the error of the trial court in refusing to submit defendant's requested additional instruction and in submitting an incomplete instruction amounted to such a denial of the rights of defendant as was reasonably calculated to cause and probably did cause an improper judgment in the case. In view of the remand of this cause, we do not pass on de-

5. By Supplemental Petition, plaintiff pled the terms and provisions of the easement to which the property was subject, which included this provision: " . . . and the Grantor retains to himself, his heirs, executors, administrators, successors and assigns, the right to use said lands for his own purposes, so long as such use does not interfere with the rights and privileges herein granted to the Grantees." This is almost the identical wording of defendant's requested additional instruction which the court refused to give.

6. On cross-examination, one of defendant's expert witnesses was first asked the following question: "If this is a benefit to Mr. Ruble's land, this lake, then why did Mr. Ruble bring suit in the District Court to have the easement declared null and void?" After an objection to such question was sustained, the

same witness was then asked this question: "Do you know of any instance where a landowner in this area brought a suit to have these easements set aside?" After objection, this question was withdrawn. However, on the same day such witness was later asked this question: "Now if people believe that an outstanding right in the land, like an easement, license or lease, is a value to the land and benefits the land, would they ordinarily bring a suit to have it removed?"; and thereafter stated further, " . . . I am trying to establish a point that obviously people would not bring a suit to have something removed if it is beneficial." The court then sustained defendant's objection.

7. See Texas Pig Stands, Inc. v. Krueger, 441 S.W.2d 940, 946 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.).

fendant's other points of error which also seek a remand, and probably will not occur in a retrial.

The judgment of the trial court is reversed and remanded.