HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,

v.

SHELL PIPELINE CORPORATION, Appellee.

No. 17287.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1979.

Rehearing Denied March 22, 1979.

---

1. *"Venue*

Joe Resweber, County Atty., J. Robert Hobgood, Asst. County Atty., Houston, for appellant.

Vinson & Elkins, W. Allyn Hoaglund, Houston, for appellee.

WARREN, Justice.

The Harris County Flood Control District appeals from a judgment of the district court awarding damages to Shell Pipe Line Corporation for costs of relocating its pipelines in order to accommodate the reconstruction of a drainage ditch by appellant.

The ultimate question is whether appellee is entitled to damages for the expense of relocating its pipelines, but the primary questions are: (1) whether appellant's deepening of a drainage ditch at its intersection with a public roadway was a purpose for which the road was dedicated to the public and (2) whether appellant or appellee first acquired an interest in the land encompassed by the easement.

The case was tried to the court without a jury, and the court filed findings of facts and conclusions of law.

It is undisputed that South Acres Drive runs east and west, that the Shell pipelines run east and west, and that these pipelines are situated under the north side of the roadbed of South Acres Drive's dedicated right of way.

The drainage ditch in issue, hereinafter referred to as C–124 drainage ditch, runs approximately north and south and intersects the Shell pipelines and South Acres Drive at or near their intersection with Second Street. A bar (barrow) ditch runs parallel with South Acres Drive and the Shell pipelines on the north side of South Acres Drive. The Flood Control District, to prevent flooding along Sims Bayou (in an area estimated to be 300 to 400 acres) encompassing 500–600 feet on either side of Sims Bayou for a distance estimated to be one and one half miles, determined that it should widen the drainage ditch and deepen it from eight to twelve feet. The deepening of the ditch to twelve feet made it necessary for Shell to relocate or remove its pipelines.

The land on which South Acres Drive is located was dedicated to public use for "road and street" purposes by South Acres, Inc., on August 4, 1928.

On January 5, 1929, Shell Pipe Line Corporation acquired an easement for pipeline purpose from San Jacinto Trust, the successor in interest to South Acres, Inc., subject only to the dedication of South Acres Drive for "road and street" purposes.

Since that time appellee maintained a 10″ and 6″ pipeline under the easement tract until December of 1975, when they were relocated pursuant to an agreement between appellant and appellee.

In 1937, the legislative passed article 8280–120 of V.A.C.S. creating the Harris County Flood Control District.

Appellant contends that the court erred in finding that the widening and deepening of the drainage ditch was not a use for which South Acres Drive had been dedicated to the public.

The court found that the purpose of the flood control improvements was to facilitate the flow of surface water in furtherance of flood control for an area of 300 acres in Sims Bayou Drainage area, that the project did not encompass work or improvements to the bar ditch which exists alongside and parallel to South Acres Drive, and that the work performed was not a use of the South Acres Drive right of way for "road and street purposes."

■ The 14th Amendment to the United States Constitution and Article I, Section 17 of the Texas Constitution prevents any governmental taking, damaging, destroying or applying to public use any property without adequate compensation being made. *Sinclair v. State*, 322 S.W.2d 58 (Tex.Civ.App. —Ft. Worth 1959, no writ).

■ An easement is an interest in land for which an owner is entitled to compensation if it is taken. *McLennan County v. Sinclair Pipe Line Company*, 323 S.W.2d 471 (Tex.Civ.App.—Waco 1959, ref. n. r. e.).

The only witness testimony received by the trial court concerning the facts was by T. R. Langford, a registered civil engineer employed by the Harris County Flood Control District as an engineering division manager, and by Victor August Couch, Chief Engineer for Harris County Flood Control District. Mr. Langford testified that the C–124 drainage ditch ran north and south generally, guessed that it was about a mile and one half long, and that it lay south of Sims Bayou; that the purpose of deepening and widening this C–124 ditch was to increase its capacity; that the ditch transversed underneath a bridge on South Acres Drive and continued north into Sims Bayou; and the ditch drained several hundred acres.

Mr. Couch testified that the C–124 ditch ran north and south and is south of Sims Bayou, commencing 800 or 1000 feet north of Allen-Genoa Road and ran in a northerly direction for 6000 feet. That the ditch would be responsible for the drainage of approximately eight plus million square feet, between 300–400 acres. The area to be drained would encompass 500–800 feet on either side of the ditch. Before the project the C–124 ditch was 5 to 6 feet deep and about 20 to 25 feet wide at its intersection with South Acres Drive. After the project was completed the ditch at South Acres Drive was 12 to 13 feet deep and about 50 feet wide. The construction at South Acres Drive included the removal of the pipe culverts, concrete hard walls, dirt and the construction of a new concrete bridge on the bar ditch alongside South Acres Drive. The only work done on this project was the outfalls. A corrugated pipe was put from the flow line down into the C–124 ditch so that roadside bar ditch wouldn't deepen itself by eroding because of the differences in elevation. There was not any work done on the bar ditches by the Flood Control District that was encompassed within this project.

The parties stipulated that the purpose of the project was to improve and facilitate the drainage of water in the immediate and general vicinity of the Sims Bayou Drainage area and the existing drainage ditch. The immediate vicinity includes drainage ditches along and parallel to South Acres Drive and did and will continue to empty into the aforesaid intersecting flood control ditch, but are not a part of flood control construction work.

Appellant relies on *Hill Farm v. Hill County, Texas,* 436 S.W.2d 320 (Tex.1969). The appellant in that case constructed a waterline beneath a county road without any authority other than the permission of the county commissioner in that precinct. The county had acquired the easement by prescription. The Supreme Court of Texas affirmed the right of the county to require appellant to remove the pipeline for the reason that it constituted an invasion of the public easement. This case is not authority for the proposition that our appellee, which possessed a written easement from the landowner, infringed on the public easement and should be required to remove or relocate the pipeline without compensation.

A review of the record shows that the C–124 drainage ditch was enlarged for the purpose of alleviating flood conditions along the course of the C–124 ditch. Any use or benefit to South Acres Drive would be minute and coincidental. There is no evidence in the record that the construction was for the purpose of or in fact did alleviate flooding of South Acres Drive. The record supports the trial court's finding of fact # 15 that the District's project was not a use of the South Acres Drive right of way for "road and street purposes." Accordingly, appellant is liable for the cost expended by appellee in relocating this pipeline.

Because of the disposition of this issue any question of whether appellant was "first in time" is immaterial.

Affirmed.