**Emil Edward ZINSMEYER and wife, Margaret Zinsmeyer, Appellants,**

v.

**STATE of Texas and County of Medina, Appellees.**

**No. 04–81–00239–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 9, 1983.

---

James L. Branton, San Antonio, Clyde H. Haak, Hondo, for appellants.

Hunter Schuehle, Hondo, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is a condemnation suit brought by the State of Texas and the County of Medina (hereinafter appellees) to acquire property two miles east of Castroville, Texas.

Prior to January 25, 1979, the date of the taking in question, Emil and Margaret Zinsmeyer (hereinafter appellants) owned a 1.308 acre tract of land located on Highway 90, east of Castroville. This property was conveyed to appellant Emil Zinsmeyer in a warranty deed executed by his father, William Zinsmeyer. Included in the deed was an easement granting to appellants the use of a water well located on William Zinsmeyer's nearby highway frontage property.

In January, 1979, appellees began condemnation proceedings to acquire land paralleling Highway 90 for the purpose of expanding the highway. The highway expansion project affected the property of several landowners, including .392 acres of appellants' land, and that portion of William Zinsmeyer's land upon which the water well was located. This appeal is concerned only with the condemnation proceedings brought

**628**

to acquire the property owned by appellants.

The Special Commissioners awarded appellants $3,500.00 as compensation for the value of the land taken and for damages caused by the taking to the remainder of appellants' property. The Award of the Special Commissioners specifically states,

> The parties hereto having agreed and having so requested, the undersigned commissioners have assessed damages flowing from the loss of the use of a well on the lands of William Zinsmeyer and of water easements on the lands of other landowners as damages to the remainder of defendant's land.

> The parties have agreed that a final judgment herein shall include such water rights and easements, whether or not they be located on defendant's land.

Appellants timely filed their objections to the award and trial was to a jury. At the beginning of the trial, the parties stipulated that (1) prior to the taking, the total value of the remaining land and improvements thereon was $75,140.00; and (2) the only issue for the jury was the value of the remaining land and improvements after the taking. In answer to the sole special issue submitted, the jury found that the fair market value of appellants' remaining property after the taking was $75,140.00. The trial court entered judgment in accordance with the verdict, finding the damages to the remaining property to be zero. Appellants have perfected appeal to this Court and now raise six (6) points of error.

By their first point of error, appellants maintain the trial court erred in refusing to give a requested special instruction advising the jury not to consider any payment made to William Zinsmeyer for the taking of his water well. Appellants contend in their second point of error that the trial court erred in refusing to give a requested special instruction advising the jury that the water easement described in the warranty deed is a property right owned by the appellants which may not be sold or conveyed by anyone else. In its charge to the jury, the court defined the term "property" as including a legal right of access or easement to a water well, but went no further in detailing the rules of compensation or damages applicable to the particular facts of this case. Appellants argue that the failure to give the additional instructions erroneously led the jury to believe that appellants had already been compensated for loss of the water easement when William Zinsmeyer, who was not a party to the instant condemnation proceeding, was paid for his property.

■ Both the United States Constitution and the Texas Constitution prohibit governmental entities from taking any property without payment of adequate compensation. U.S. Const. amend. XIV; Tex. Const. art. I, § 17. The owner of any legal right or interest in land must therefore be adequately compensated when the land is taken. See *McLennan County v. Sinclair Pipe Line Co.*, 323 S.W.2d 471, 473 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). Since an easement is an interest in land, an easement owner is entitled to compensation if the easement is extinguished by a taking. *Harris County Flood Control District v. Shell Pipeline Corp.*, 578 S.W.2d 495, 497 (Tex.Civ.App.—Houston [1st Dist.], aff'd, 591 S.W.2d 798 (Tex.1979)). When property sought to be acquired in a condemnation proceeding is subject to a lease or other legal interest, such as an easement, the general procedure is for the fact-finder to determine the market value of the entire property as though it belonged to one person. The fact-finder then apportions the market value between the fee owner and the other parties having an interest in the property. See *Urban Renewal Agency v. Trammel*, 407 S.W.2d 773, 774 (Tex.1966). When a jury sits as the fact-finder, it is the court's duty to determine the nature and extent of the property condemned and to instruct the jury regarding the rules of compensation or damages applicable to the particular case. See *Texas Pig Stands, Inc. v. Krueger*, 441 S.W.2d 940, 946 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.); *Texas Public Utilities Co. v. Bass*, 297 S.W. 301, 303 (Tex.Civ.App.—Austin 1927, writ dism'd).

629

As stated by this Court in *Ruble v. City of San Antonio,* 479 S.W.2d 86, 89 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.),

> [W]e think it equally important in a case where the fee being taken is incumbered by an easement, that appropriate instructions be also given by the court as to the nature of the easement to which the property is subject, setting forth in some detail the rights, privileges and limitations of both the landowner and the easement holder with regard to that portion of the property covered by the easement.

Although the facts in the *Ruble* case are not identical to those presented by the case at bar, we believe the rules to be applied are the same. In the instant case, the fee to .392 acres of appellants' property was taken by appellees. The water easement owned by appellants was extinguished in a separate taking of William Zinsmeyer's highway frontage property. There is no evidence in the record before us, however, that appellants were made parties to any condemnation proceeding involving William Zinsmeyer's land. Rather, as noted above, the parties to this suit agreed in the Award of the Special Commissioners that any final judgment would include damages caused by the loss of any water rights and easements on the lands of William Zinsmeyer.

We are of the opinion that the instruction submitted by the court was proper except that it did not go far enough. *See Ruble v. City of San Antonio, supra* at 89. Given the circumstances presented in this case, we believe it was the duty of the court to more fully instruct the jury regarding appellants' loss of the water easement. We must assume that the jury, in considering the damage to the remaining property, acted in light of the law of the case as expressed by the court in its charge, and as reinforced by the court's failure to instruct in such a way as to delineate the ownership rights of appellants as easement holders and William Zinsmeyer as owner of the serviant estate. *Cf. City of Dallas v. Anderson,* 570 S.W.2d 62, 64–65 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.) (judge's failure to fully instruct regarding condemnor's easement rights demands reversal). Our conclusion that the court erred in failing to give the additional instructions requested by appellants is strengthened in view of the jury's correspondence with the court during jury deliberations. The correspondence, which is included in the record, indicates that the jury was confused about the relative rights of appellants as easement owners, and William Zinsmeyer as the owner of the land upon which the well was located.

For all of the above-stated reasons, we hold that the error of the trial court in refusing to submit appellant's requested special instructions, and in submitting an incomplete instruction, amounted to such a denial of the rights of appellants as was reasonably calculated to cause and probably did cause an improper judgment in the case. In view of the remand of this cause, we do not pass on appellants' remaining points of error which also seek a remand, and which probably will not occur in a retrial.

The judgment of the trial court is reversed and the cause remanded.

BUTTS, Justice, concurring.

I concur in the reversal but would remand only in part. The one and only remaining issue for the jury to determine is whether sufficient compensation has been paid for the easement already. Although one might surmise the jury, in returning its verdict, believed adequate payment had been made, this would not be a proper implied finding by the trial court in its judgment. The State's attorney, in his jury argument, indicated sufficient compensation had been paid by the State and County. Evidence supporting the argument should be presented on retrial, with an issue clarifying the matter for the jury's determination.

DIAL, Justice, dissenting.

I dissent.

I believe that the appellees paid for the water easement at the time they paid William Zinsmeyer for the water well. What was paid for the well was subject to distribution among the fee owner and any others

having an interest in the property. *Urban Renewal Agency v. Trammel,* 407 S.W.2d 773, 774 (Tex.1966). The trial judge was correct in refusing the requested instruction.