Affirmed and Opinion filed July 3, 2007








Affirmed and Opinion filed July 3, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00826-CV

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

FIESTA MART, INC., Appellee

 



 

On Appeal from the County
Civil Court No. 3

Harris County, Texas

Trial Court Cause No. 834,058

 



 

O P I N I O N

The State of Texas brings this interlocutory appeal from a
county court decision denying its plea to the jurisdiction.  In five issues,
the State complains that the court erred in denying its plea to the
jurisdiction because (1) Fiesta, as a lessee of the property, does not have an
ownership interest in the property being seized, (2) Fiesta cannot recover lost
profits because it has not alleged impairment of access, and (3) Fiesta has
failed to exhaust its administrative remedies in seeking relocation benefits. 
We affirm.








I.  Background

Fiesta leases 7.3704 acres of land from Weingarten Realty
Investors on the northwest corner of Old Katy Road and Blalock in Houston,
Texas.  The property consists of a Fiesta grocery store, which occupies 91,414
square feet, a retail strip center, which occupies 13,500 square feet, and a
parking lot consisting of approximately 437 parking spaces.  Fiesta leases the
grocery store plus Aall appurtenances thereunto@ on a long-term
basis from Weingarten.  As part of the Katy Freeway expansion project, the
State filed a petition against Weingarten, Fiesta, and Vivo, Ltd.,[1]
to take 1.2362 acres of the property by eminent domain.  Fiesta alleges this
taking eliminated 185 parking spaces from the parking lot.  Three disinterested
freeholders of Harris County, empaneled as Special Commissioners of the County
Civil Court at Law No. 3, awarded Vivo, Weingarten, and Fiesta $7,721,575.00 in
damages under section 21.042 of the Texas Property Code.[2] 
All parties appealed the commissioners= award to the trial
court.  Fiesta subsequently filed a counterclaim alleging inverse condemnation
and seeking to recover damages to its personal property and its business losses
caused by the State=s taking.

The taking of a portion of Fiesta=s parking lot has
left Fiesta with two options.  Fiesta can relocate its business in which case
the State would be responsible to pay Fiesta for the entire property, or Fiesta
can remain on the property and accept the State=s Acure plan.@  The State
proposed to cure Fiesta=s parking shortage by condemning the
retail strip center and converting that space to parking.  In its objections to
the commissioners= award Fiesta is pursuing both remedies in
the alternative.  Fiesta contends it cannot make a final decision as to whether
to remain on the property until the State completes the freeway expansion.  








 

Prior to trial, the State filed a plea to the jurisdiction
in which it alleged that the trial court did not have jurisdiction over the
State=s condemnation
claim because the State had not taken Fiesta=s real property,
but only the parking lot, which was not leased by Fiesta.  The State further
alleged the trial court had no jurisdiction over Fiesta=s inverse
condemnation claim because Fiesta was not entitled to recover lost profits or
reimbursement for relocation expenses.  The trial court denied the State=s plea.  On Fiesta=s request, the
trial court entered an order severing the State=s statutory
condemnation claim from Fiesta=s inverse condemnation claim.  The State
filed this interlocutory appeal challenging the trial court=s ruling on its
plea to the jurisdiction in both cases.

II.  Standard of Review

A person may appeal from an interlocutory order of a county
court at law that grants or denies a plea to the jurisdiction by a governmental
unit.  Tex. Civ. Prac. & Rem. Code  ' 51.014(a)(8)
(Vernon Supp. 2006).  A plea to the jurisdiction contests the trial court=s authority to
adjudicate the subject matter of the cause of action.  Texas Dep=t of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999).  When reviewing a challenge to a trial
court=s subject matter
jurisdiction, we review the trial court=s ruling de novo. 
Texas Natural Conservation Comm=n v. IT-Davy, 74 S.W.3d 849,
855 (Tex. 2002).  In reviewing the denial of a plea to the jurisdiction, we do
not review the merits of the case.  Chocolate Bayou Water Co. & Sand
Supply v. Texas Natural Conservation Comm=n, 124 S.W.3d 844,
849 (Tex. App.CAustin 2003, pet. denied).  Because the statute
authorizing interlocutory appeals is a narrow exception to the general rule
that only final judgments and orders are appealable, we must give it a strict
construction.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355
(Tex. 2001).  Thus, we limit our discussion to the narrow issue of whether the
trial court erred in denying the State=s plea to the
jurisdiction.








III.  State=s Statutory
Condemnation Claim

In its first issue for review, the State contends Fiesta
failed to invoke the trial court=s jurisdiction
over its counterclaims by failing to allege facts in its pleadings sufficient
to show a compensable taking under Tex.
Const. art. I, ' 17.

The procedure for condemning public property is prescribed
in sections 21.012 through 21.016 of the Texas Property Code.  Tex. Prop. Code Ann. ' 21.011 (Vernon
2004).  If the entity with eminent domain authority cannot agree with the
property owner regarding the amount of damages, it must file a petition in the
proper court with a description that contains the following: (1) the property
to be condemned; (2) the purpose for which the entity intends to use the
property; (3) the name of the property owner; and (4) a statement that the
entity and the property owner are unable to agree on the damages.  Tex. Prop. Code ' 21.012(a) (Vernon
2004).  The judge of the court must then appoint three disinterested
freeholders who reside in the county as special commissioners to assess the
damages of the property owner.  Tex.
Prop. Code ' 21.014 (Vernon 2004).  The special
commissioners must conduct a hearing to determine the amount of damages.  Tex. Prop. Code ' 21.015 (Vernon
2004).  If either party
timely files an objection to the commissioners= award, the county court is invested
with jurisdiction of the subject matter of the case.  Denton County v.
Brammer, 361 S.W.2d 198, 200 (Tex. 1962); see also Tex. Prop. Code ' 21.018 (Vernon 2004) (providing
party to condemnation proceeding may file objections in court that has
jurisdiction, which shall cite adverse party and try case in same manner as
other civil causes).








The State filed a petition for condemnation and listed
Vivo, Weingarten, and Fiesta as owners of the property.  The special
commissioners issued a joint award to be divided among Vivo, Weingarten, and
Fiesta to which the State, Fiesta, and Weingarten objected.  In its objection
to the award of the special commissioners, Fiesta alleged it had not been
awarded adequate compensation for its (1) real property interests, (2) personal
property interests, and (3) business losses.  Fiesta did not describe what, if
any, interest it might have in the condemned property.  Thus, the State
contends Fiesta did not invoke the jurisdiction of the court.

AIt is fundamental that, to recover under
the constitutional takings clause, one must first demonstrate an ownership in the
property taken.@  Texas Dep=t of Transp. v.
City of Sunset Valley, 146 S.W.3d 637, 644 (Tex. 2004).  However, here the State
alleged in its petition for condemnation that Fiesta is an Aowner@ of the land.  AIt is the general
rule that the pleadings in a particular case . . . are to be regarded as
judicial admissions.@  Kirk v. Head, 137 Tex. 44, 152
S.W.2d 726, 729 (1941).  Moreover, any fact admitted is conclusively
established in the case without the introduction of the pleadings or
presentation of other evidence.  Houston First Am. Sav. v. Musick, 650
S.W.2d 764, 767 (Tex. 1983).  Accordingly, the trial court acquired subject
matter jurisdiction by virtue of the State=s petition for
condemnation.  The State=s first issue is overruled.

In its second issue, the State contends that tenants have
only a limited interest in the condemned property.  Because none of Fiesta=s leased property
was condemned, but only a portion of the parking lot serving the leased
property, the State claims Fiesta has not shown it is entitled to
compensation.  The owner of any legal right or interest in land must be
adequately compensated when the land is taken.  Zinsmeyer v. State,  646
S.W.2d 626, 628 (Tex. App.CSan Antonio 1983, no writ).  Thus, unless
a contrary provision exists in the lease agreement, a lessee is entitled, as a
matter of law, to share in a condemnation award when part of its leasehold interest
is lost by condemnation.  Texaco Ref. and Mktg, Inc. v. Crown Plaza Group, 
845 S.W.2d 340, 342 (Tex. App.CHouston [1st Dist.] 1992, no writ).  To
what extent Fiesta=s leasehold interest was diminished, if it
was, by the condemnation of parking spaces is a fact issue yet to be
determined.  The purpose of a plea to the jurisdiction is to determine the
narrow issue of the trial court=s authority to entertain the cause of 
actionCit is not a
vehicle for prejudging the evidence, nor is it a substitute for a trial on the
merits.  The State=s second issue is overruled.








In its third and fifth issues, the State contends Fiesta
must, prior to filing its counterclaim, decide whether it will (1) surrender
its leasehold interest and relocate, or (2) remain on the premises.  The lease
agreement provides that when, as here, the parking lot is reduced in size due
to eminent domain proceedings below an area sufficient to provide a total of
four parking spaces for each 1,000 square feet of leased space, Fiesta will
have the option of terminating the lease.  The State admits that Fiesta may
have some compensable interest if it relocates, but argues Fiesta may have no
compensable interest if it remains on the property because none of its leased
space has been condemned.[3] 
Accordingly, the State maintains that unless Fiesta elects which course of
action it will pursue, its counterclaim simply invites the trial court to issue
an advisory opinion.

The State more specifically contends this case should be
remanded with instructions that Fiesta replead to specifically state the nature
of the property interest for which it seeks compensation.  The State cites Texas
Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226B27 (Tex. 2004), for
the proposition that where a jurisdictional defect can be cured by repleading,
the proper remedy is to permit the claimant to replead its claim for relief. 
In Miranda, the supreme court held that if the pleadings do not contain
sufficient facts to affirmatively demonstrate the trial court=s jurisdiction,
but the pleadings could be cured to show jurisdiction, the issue is one of
pleading sufficiency and the plaintiff should be afforded the opportunity to
amend.  Id.  








In this case, however, the pleadings support jurisdiction. 
The State argues that Fiesta must choose whether it will abandon its lease or
remain on the property.  The State characterizes this as an issue of standing
because it alleges Fiesta does not have a property interest in the parking
lot.  In reality, however, the State is seeking a determination that Fiesta
must elect its remedy before proceeding to trial.  The issue of Fiesta=s ownership interest
in the parking lot is a matter to be determined at trial, not through a plea to
the jurisdiction.[4] 
We decline to permit the State to use this interlocutory appeal as a vehicle to
circumvent the bounds set by the statute in order to obtain judicial review of
the merits of Fiesta=s case.  The State named Fiesta as an
owner in its petition for condemnation and objected to the commissioners= award.  With
regard to the statutory condemnation action filed by the State and appealed to
the county court, the court has subject matter jurisdiction and no remand is
required.  The State=s third and fifth issues are overruled.

IV.  Fiesta=s Inverse
Condemnation Claim

In its fourth issue, the State complains of the trial court=s denial of its
plea to the jurisdiction on Fiesta=s inverse
condemnation claim.  Fiesta brought an inverse condemnation counterclaim
seeking recovery for damages to its personal property, and business losses
caused by the State=s taking.  The State contends that Fiesta
cannot maintain an action under Article I, section 17 of the Texas Constitution
because Fiesta failed to (1) properly allege impaired access and (2) exhaust
its administrative remedies.  When a governmental entity takes, damages, or
destroys property for public use, the Texas Constitution waives the
governmental entity=s immunity from suit.   Steele v. City
of Houston, 603 S.W.2d 786, 791 (Tex. 1980).  Because a business is
property, the owner is entitled to be compensated under some circumstances for
lost profits arising from the State=s denial of
access.  State v. Whataburger, Inc., 60 S.W.3d 256, 261 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied). 








A.  Impaired Access

The State alleges that because Fiesta did not specifically
allege impaired access, it cannot recover lost profits as damages.  When a plea
to the jurisdiction challenges the pleadings, we determine if the pleader has
alleged facts that affirmatively demonstrate the court=s jurisdiction to
hear the cause.  Texas Ass=n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We construe the
pleadings liberally in favor of the plaintiff and look to the pleader=s intent.  Miranda,
133 S.W.3d at 226.  If a plea to the jurisdiction challenges the existence of
jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues.  Id. at 227. 

In this case, the trial court had before it Fiesta=s response to the
State=s dilatory plea
and both parties= discovery responses.  In response to the
State=s jurisdictional
plea, Fiesta stated it was seeking lost profits on the theory of impaired
access.  In response to discovery, Fiesta stated that its expert would testify
that Fiesta was Asubstantially impacted because of loss of
parking, diminished and unsafe access, impaired circulation on site,@ and Adiminished
maneuvering room for trucks[.]@  The trial court properly considered
Fiesta=s responses in
determining whether it had jurisdiction.  See id.  Because Fiesta raised
the issue of impaired access, the trial court has jurisdiction under Article I,
section 17 of the Texas Constitution to consider Fiesta=s claim for lost
business profits.  See Whataburger, 60 S.W.3d at 261.

B. 
Relocation Benefits








Lastly, the State contends the trial court does not have
jurisdiction to consider Fiesta=s claim for relocation benefits because
Fiesta failed to exhaust its administrative remedies.  The Texas Department of
Transportation (ATxDOT@) has adopted an
administrative procedure for the purpose of providing relocation benefits to
those displaced as a result of the acquisition of right-of-way for a highway
project.  43 Tex. Admin. Code ' 21.116.  The
State contends that because relocation benefits are provided by TxDOT, Fiesta
cannot seek relocation benefits in the county court until it has first sought
benefits from TxDOT.   See Subaru of Am., Inc. v. David McDavid Nissan, Inc.,
84 S.W.3d 212, 221 (Tex. 2002) (recognizing that agency has exclusive
jurisdiction if provided by statute).  The State contends the statute clearly
provides that TxDOT has exclusive jurisdiction over relocation benefits in this
case.[5]

Contrary to the State=s assertion,
Fiesta has made no claim for relocation benefits.  In its responses to
discovery and to the State=s jurisdictional plea, Fiesta states that
the personal property and business losses it seeks to recover in its inverse
condemnation claim are temporary lost profits that it will sustain while its
business is disrupted either in moving the business or in curing the damages
caused by the taking of several parking places and the reconfiguration of the
loading docks.  Fiesta does not seek the type of relocation benefits
contemplated by TxDOT=s program.  Therefore, the failure to
exhaust administrative remedies does not defeat jurisdiction in the county
court.  The State=s fourth issue is overruled.

V.  Conclusion

The trial court has subject matter jurisdiction over both
the State=s statutory condemnation claim and Fiesta=s inverse
condemnation claim.  Accordingly, the denial of the plea to the jurisdiction is
affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed July 3, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.









[1]  Vivo, Ltd. is listed on the deed as the owner of the
property.  Weingarten is Fiesta=s landlord. 
All three parties are considered property owners under the Property Code.  See
G.P. Show Productions, Inc. v. Arlington Sports Facilities Dev., 873 S.W.2d
120, 123 (Tex. App.CFort Worth 1994, no pet.) (stating the term Aproperty owner@ as
used in section 21.042 of the Property Code includes a lessee for years).





[2]  Tex. Prop.
Code Ann. ' 21.042 (Vernon 2000).





[3]  While the lease agreement defines the space leased
by Fiesta as the 83,791 square feet inside the physical walls of the store, the
parking lot is frequently referenced in the lease and the landlord is obliged
to maintain the lot for the benefit of Fiesta.





[4]  Where a party has two separate, distinct, and
inconsistent remedies he may in the same suit ask for alternative relief.  28A C.J.S. Election of Remedies ' 15 (1996).  Moreover, under the doctrine of election
of remedies, if a plaintiff pleads more than one theory of recovery, he need
not make an election between them until after the verdict.  Town E. Ford
Sales, Inc. v. Gray, 730 S.W.2d 796, 811 (Tex. App.CDallas 1987, no writ); Commercial Music Co. v. Klag,
288 S.W.2d 168, 170 (Tex. Civ. App.CSan
Antonio 1955, no writ).  Thus, he is entitled to the greatest relief under
either theory that the verdict will support.  Town E. Ford Sales, 730
S.W.2d at 811.





[5]  Whether the statute grants such exclusive
jurisdiction is beyond the scope of this opinion.