**SINCLAIR PIPE LINE COMPANY,**
Appellant,

v.

**STATE of Texas, Appellee.**

No. 15985.

Court of Civil Appeals of Texas.

Fort Worth.

March 6, 1959.

Harold Medill, Independence, Kan., T. B. Coffield, Bowie, Cantey, Hanger, John-

son, Scarborough & Gooch, John H. Mc-Bryde and Howard Barker, Fort Worth, for appellant.

Boyd Barjenbruch, Bowie, for appellee.

BOYD, Justice.

This suit was filed by the State of Texas to acquire highway rights of way over, upon, and across Sinclair Pipe Line Company's private pipe line easement for the construction, improvement, and maintenance of Farm to Market Roads Nos. 2094 and 1956. There was a judgment of condemnation, but no award was made for damages. Sinclair Pipe Line Company appeals.

In 1918 appellant's easement was acquired by private grants, on which it constructed its pipe lines and had operated them for 38 years when appellee, in 1956, secured from the landowners highway rights of way easements which crossed appellant's pipe line easement at two places. The parties failed to reach an agreement as to what compensation appellant was entitled to receive; and prior to the beginning of the construction work by appellee, under an agreement that condemnation proceedings would be instituted by appellee for the purpose of determining the amount of compensation appellant should be awarded, appellant made the necessary alterations and adjustments in its pipe lines to accommodate and facilitate the road construction. This work consisted of lowering, encasing, and venting the pipe lines, in conformity with a regulation promulgated by the Highway Department on May 10, 1956. It was stipulated that the reasonable cost expended by appellant in this work was the sum of $3,907.19. It was also stipulated that benefits to appellant, if any, were limited to the correction of conditions which would not have existed but for the construction and improvement of the roads over the pipe lines. Appellant sought only the cost of making the alterations in the portions of its pipe lines embraced in and under the newly acquired road rights of way.

Appellant concedes that appellee had the right to condemn appellant's easement, but insists that appellee has the constitutional and statutory obligation to make just compensation. Appellee contends that denial of compensation was proper on the grounds that the alterations made by appellant were required by law and by the rules and regulations of the Highway Commission and by the Highway Department; that appellee took whatever it did take, under its police power and not under its powers of eminent domain; that appellant's expense was operational and its denial was not in violation of the Fourteenth Amendment to the United States Constitution or Article 1, sec. 17, of the Texas Constitution, Vernon's Ann.St.; that appellant's pipe lines were not taken or destroyed, and appellee could not, in condemnation proceedings, require appellant to lower and adjust them; and that there was no evidence of the value of that part of appellant's easement which was condemned.

■ Appellee's contentions are interesting and have been ably presented, but we are nevertheless of the opinion that this suit was brought under the condemnation statute and is governed by the same constitutional and statutory provisions which are applicable to other condemnation suits in this State.

That this is such a suit is shown by appellee's pleadings in the case. It sought and obtained a judgment condemning appellant's property for right of way purposes. It was stipulated that condemnation proceedings were properly before the trial court. Appellee's brief on this appeal affirms that "This case is one wherein the State of Texas, acting by and through the Commissioners' Court of Montague County, Texas, under its power of eminent domain, brought suit to acquire an easement right of way over, upon and across Sinclair Pipe Line Company's pipeline easements

and pipe lines * * * for the purpose of constructing and maintaining Farm to Market Roads * * *. Condemnation proceedings were filed, and on September 23, 1957, after hearing the evidence submitted by both parties, the Commissioners denied Appellant any recovery of damages by reason of the condemnation of Appellant's pipe line easements * * *. Upon the trial of the case before the County Court, without a jury, upon an agreed statement of facts, judgment was rendered granting Appellee highway rights of way easements over, upon and across Appellant's pipe line easements * * * and the Court * * * denied Appellant any damages by reason of its pipe line rights of way easements being condemned * * *."

■ The Fourteenth Amendment to the United States Constitution prevents appellee from taking property without due process of law. Article 1, sec. 17, of our State Constitution prevents appellee from taking, damaging, or destroying for or applying to public use any property without adequate compensation being made.

■ Appellant's easement is property in the constitutional sense. 18 Am.Jur., p. 787, sec. 157. "An easement is an interest in land for which the owner is entitled to compensation, as much so as if the land to which the easement is appurtenant were taken or injured." 29 C.J.S. Eminent Domain § 105, p. 910. "By damage is meant 'every loss or diminution of what is a man's own, occasioned by the fault of another,' whether this results directly to the thing owned, or be but an interference with the right which the owner has to the legal and proper use of his own." Gulf, C. & S. F. R. Co. v. Fuller, 63 Tex. 467.

■ Appellee acquired rights of way easements from the owners of the fee, from whom appellant had previously acquired its easements. Appellee acquired no more rights than the owners retained when they conveyed the easements to appellant. These owners could not convey to appellee what they had already conveyed to appellant. "No citation of authorities is required to support the proposition that the State has no right to invade United's easement or right-of-way or require it to change the location of its pipes in order to build a new road or highway across them in the absence of a valid agreement to do so." Department of Highways v. United Gas Pipe Line Company, 5 Cir., 258 F.2d 357, 358.

Arguments in analogous cases that the taking or damaging was in the exercise of the police power were considered and rejected in Petition of Dreosch, 233 Minn. 274, 47 N.W.2d 106; Panhandle Eastern Pipe Line Co. v. State Highway Commission (Kan.), 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090; Buckeye Pipe Line Company v. Keating, 7 Cir., 229 F.2d 795; Arkansas-Louisiana Gas Co. v. Louisiana Department of Highways, La.App., 104 So.2d 204; Rose v. State, 19 Cal.2d 713, 123 P.2d 505; Gray v. Reclamation Dist. No. 1500, 174 Cal. 622, 163 P. 1024; Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322, 28 A.L.R. 1321; Cities Service Gas Co. v. Riverside Drainage Dist., 137 Kan. 410, 20 P.2d 520.

Nor can we agree with appellee that appellant is not entitled to receive damages because "there was no evidence before the court as to the value of that portion of appellant's pipe line easement taken and made servient to appellee's easement for highway purposes." Appellant made alterations and adjustments which the construction and improvement of the roads would render necessary; and it made them before the road work began, "in order," as appellee admits, "not to delay the construction of said highways," upon the agreement that the Commissioners' Court would file condemnation proceedings in order to determine the compensation, if any, to which appellant was entitled.

An easement is taken when the condemnor interferes with its owner's use. Buckeye Pipe Line Company v. Keating,

supra. Appellant asks no more than the cost of the alterations to accommodate the road construction.

In Central Power & Light Co. v. Willacy County, Tex.Civ.App., 14 S.W.2d 102, where the County condemned a power line easement, it was held that the owner of the easement was entitled to recover the value of the easement for the distance it was taken, the value of improvements not removable, and the expense of removing such of its property as may be salvaged.

In Cities Service Gas Co. v. Riverside Drainage Dist., 137 Kan. 410, 20 P.2d 520, 523, the court said: "We conclude that the plaintiff was entitled to recover * * * the reasonable expense of the relocation of the pipe line made necessary by the improvement of the water course on the plans of the drainage district."

In Panhandle Eastern Pipe Line Co. v. State Highway Commission (Kan.), supra, it was held that legislation requiring the pipe line company, at its own expense, to make alterations in its line to accommodate proposed highway construction, would result in taking private property without compensation, and was inhibited by the Fourteenth Amendment to the Federal Constitution.

In Commonwealth v. Means & Russell Iron Co., 299 Ky. 185, 185 S.W.2d 960, 961, the court said: "* * * it is difficult to conceive a better method of compensating appellee for the minimum damages sustained through the condemnation of its easement than that adopted by the Court in instructing the jury peremptorily to award the undisputed cost of the actual relocation."

Article 3265, Vernon's Ann.Civ.St., provides that when property is condemned, the court "shall assess the actual damages that will accrue to the owner by such condemnation."

Having made the alterations in advance of appellee's construction work on appellee's promise to file a condemnation suit in order that appellant's damages might be ascertained, we think appellant is entitled to recover its minimum damage.

We do not think that the cases cited by appellee, such as Missouri-K.-T. R. Co. v. Rockwall County Levee Improvement Dist. No. 3, 117 Tex. 34, 297 S.W. 206, and Chicago, B. & Q. R. Co. v. Illinois, 200 U.S. 561, 26 S.Ct. 341, 50 L.Ed. 596, which involved railroad facilities over streams, constructed under public franchises, are determinative of the question here presented.

The judgment is reversed and judgment rendered for appellant.