**McLENNAN COUNTY et al., Appellants,**

v.

**SINCLAIR PIPE LINE COMPANY,**
Appellee.

No. 3615.

Court of Civil Appeals of Texas.

Waco.

April 2, 1959.

Rehearing Denied April 30, 1959.

**472**

Mixson & Haley, Waco, for appellant.

Richey, Sheehy & Teeling, Waco, for appellee.

McDONALD, Chief Justice.

This is a suit by Sinclair Pipe Line Company against McLennan County to recover from McLennan County the cost of lowering its pipeline at the request of the Commissioners Court of McLennan County in order that Farm to Market Road 1860 might be constructed across the pipeline as it lay on the W. F. Neale farm in McLennan County, Texas. The Trial Court granted judgment for Sinclair Pipe Line Company on its motion for summary judgment.

McLennan County appeals, contending:

(1) The Trial Court erred because, under the facts, there is no statutory duty, contractual obligation, tort obligation, nor other legal obligation on McLennan County to pay Sinclair anything.

(2) The Trial Court erred because, under the franchise granted Sinclair, Sinclair was obligated to change their line so that the road could be constructed.

We revert to McLennan County's 1st contention. The facts are undisputed, and reflect that in 1947 Sinclair acquired a right of way easement from Neale for its pipeline to cross his farm in McLennan County, and built its pipeline on such easement. In 1954 the Texas Highway Department called on McLennan County to furnish "the required right of way" for Farm to Market Road 1860. McLennan County, in 1956, by order of the Commissioners Court, agreed "to furnish all required right of way free of cost to the State" for such

road. Later in 1956 McLennan County notified Sinclair that the proposed road was to cross Sinclair's easement and pipeline as it lay on the Neale farm in McLennan County. McLennan County requested that Sinclair lower its pipeline in order that this new section of road might be constructed. Sinclair refused to lower its pipeline until McLennan County should agree to pay compensation and continued to refuse to lower the pipeline under these conditions until 27 June 1956. On that date the Commissioners Court of McLennan County passed an order stating that if Sinclair would go ahead and lower its pipeline that such action would not in any way prejudice any claim Sinclair might have in the future resulting from such lowering. Sinclair lowered its pipeline and made claim for the cost of lowering same, which claim was rejected by the Commissioners Court of McLennan County. The portion of Farm to Market Road 1860 which crossed Sinclair's pipeline was new construction, and not merely improvement of an existing road.

■ ■ Sinclair based its claim for compensation for the cost of relocating its pipeline on Article I, Sec. 17 of the Texas Constitution, Vernon's Ann.St., which provides:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person * * *."

Sinclair's pipeline easement is property in the Constitutional sense. 12 Am.Jur. p. 787, Sec. 157. An easement is an interest in land for which the owner is entitled to compensation as much so as if the land to which the easement is appurtenant were taken. 29 C.J.S. Eminent Domain § 105, p. 910; Panhandle Eastern Pipe Line Co. v. State Highway Comm. of Kansas, 294 U.S. 613, 55 S.Ct. 563, 79 L.Ed. 1090; Buckeye Pipe Line Co. v. Keating, 7 Cir., 229 F.2d 795; Forest Lawn Lot Owners Ass'n v. State, Tex.Civ.App., 248 S.W.2d

793; City of LaGrange v. Pieratt, 142 Tex. 23, 175 S.W.2d 243.

Sinclair Pipe Line Company had a property right in its easement that it had obtained over the Neale farm. McLennan County not only requested Sinclair to lower its pipeline but pursued that request until Sinclair agreed to lower its pipe. Sinclair refused to lower its pipe until it was reimbursed, and maintained such position until it was assured by an order of the Commissioners Court that such lowering would not in any way prejudice its right to proceed with claim against the County.

McLennan County relies on the case of Sinclair Pipe Line Co. v. Archer County, D.C., 147 F.Supp. 650, affirmed 5 Cir., 45 F.2d 79. This was a case in which Archer County agreed to furnish the right of way for a state road project, which crossed a Sinclair pipeline. In that case Sinclair lowered its pipeline on its own volition, without ever having been required or requested to do so by the County. In that case the 5th Circuit Court, in affirming a judgment for Archer County denying Sinclair compensation for lowering its pipeline, held that where the county had not condemned the pipeline easement *or requested removal of the pipeline,* the company could not recover expenses incurred in relocation of lines.

The Archer County case holds that an easement is property; that Sinclair's easement was in that case taken; and that Sinclair is entitled to reimbursement from the proper source for such expenditure. Recovery by Sinclair against Archer County was denied by reason of the fact that Archer County had not condemned the pipeline easements or requested removal of the pipeline.

In the instant case McLennan County requested Sinclair to lower the pipeline; Sinclair refused and only moved same when the McLennan County Commissioners Court passed the order that if Sinclair would go ahead and lower its line to fa-

cilitate the highway construction project, that such lowering would in on way prejudice Sinclair's rights of reimbursement. This very order recites:

"Whereas McLennan County has undertaken to furnish right of way and make clearances for the Highway Department of the State of Texas to construct * * *".

Here McLennan County undertook to furnish *all* the right of way for the construction of Farm to Market Road 1860. This was new construction at the point in issue. Sinclair had an easement for its pipeline which the road had to cross. Such easement is property. McLennan County requested Sinclair to remove the pipeline, Sinclair refused (but later assented when McLennan County agreed that no rights would be lost by Sinclair in doing so). Sinclair's property was to all intents and purposes taken and Sinclair is entitled to compensation therefor. The Archer County case is not contrary to the foregoing but actually supports the result herein reached. Sinclair Pipe Line Co. v. State, Tex.Civ. App. Ft. Worth, 322 S.W.2d 58 is an analogous case and supports our conclusions herein. McLennan County's 1st contention is overruled.

McLennan County's 2nd contention is that a franchise granted Sinclair in 1947 by McLennan County obligates Sinclair to bear the cost of relocating its pipelines made necessary by road rebuilding or widening.

We think that the Commissioners Court did not have the lawful authority or jurisdiction to grant such franchise. The public roads of the State are owned by the State. They do not belong to the counties, and it is the State and not the Commissioners Courts of the various counties which has jurisdiction to grant franchises to a utility or a pipeline for use of such. See: State ex rel. City of Jasper v. Gulf States Utilities Co., Tex., 189 S.W.2d 693; State v. Hale, 136 Tex. 29, 146 S.W.2d 731.

Moreover, Article 6020, Vernon's Ann.Civ. St. gives pipelines the right to lay same across or under any highway in this state. But in any event, the 1947 order of the Commissioners Court by its terms only purports to cover alterations in the pipeline made necessary by changes in existing highways, and was not to cover construction of an entirely new road. The road herein involved was entirely new road. McLennan County's 2nd contention is overruled.

The judgment of the Trial Court is affirmed.