T. Paul Kane, J.
Plaintiff seeks to be reimbursed for expenses incurred to protect an easement in which one of its gas pipelines is located. Expenses were undisputably incurred as a result of the construction of a new road by defendant County of Albany, a portion of which crosses this previously existing pipeline. The defendant purchased its fee from plaintiff’s grantor, subject, however, to plaintiff’s easement previously acquired. In order to withstand the increased pressure upon it resulting from the road construction, and in accordance with certain plans and specifications mandated by the Public Service Commission of New York (16 NYCRR 255, 255.6), the pipeline was encased at the point where it passed under the new highway. As provided by a written agreement plaintiff performed the necessary work of encasement at its own cost and expense, reserving the right to seek reimbursement from the defendant. The work was performed at the request of the defendant, but said agreement further provided ‘ ‘ nothing herein contained shall be held to be an admission by the County of any obligation to pay damages or reimbursement to the Company for such cost and expense ”.
This motion by the plaintiff is for summary judgment for the relief demanded in the complaint, together with a request to change the name of the plaintiff to Consolidated Gas Corporation (the present name of the original plaintiff as a result of certain mergers), and to correct an obvious error in paragraph “2” of the complaint. This incidental relief is of course granted. Since only a question of law is involved in the motion *352 for summary judgment, it can provide the necessary ultimate relief. (CPLR 3212.)
This sole question for determination, however, is one of first impression in this State. There are countless cases involving removal of utility poles or gas lines under existing streets and highways as well as a great number of cases resulting from elimination of grade crossings that compelled relocation of existing facilities. These cases, however, are not controlling since they refer to public streets and the ‘ ‘ common-law ’ ’ right applicable to franchises in streets as limited by the “police power”. (Transit Comm. v. Long Is. R. R. Co., 253 N. Y. 345, and cases cited therein.) The police power concept has been specifically rejected in situations similar to the one presented here. (Panhandle Co. v. Highway Comm., 294 U. S. 613.)
This court is unable to find any reported authority in New York that will determine the responsibility sought to be established where a new highway is constructed over a previously existing gas transmission line. Plaintiff has provided the court with reported cases in other jurisdictions which appear to be the weight of authority. In a case not unlike the present situation, a county was required to reimburse a pipeline company for the cost of lowering its line when a new road was constructed over a previously existing pipeline. (McLennan County v. Sinclair Pipe Line Co. 323 S. W. 2d 471 [Ct. Civ. App., Texas, 1959].) This case was cited as an authority and followed in Magnolia Pipe Line Co. v. City of Tyler (348 S. W. 2d 537 [Ct. Civ. App., Texas, 1961]. See, also, Sinclair Pipe Line Co. v. State of Texas, 322 S. W. 2d 58 [Tex.].)
The above cases seem to turn on the point that a pipeline company’s easement is “ property ” in the constitutional sense, and an interest in land for which an owner is entitled to compensation if it is taken or injured. (29A C. J. S., Eminent Domain, § 105.) In the case at bar the facts reveal a plaintiff possessing a previously acquired easement, and a subsequent grantor taking the fee subject to the easement, who thereafter modifies the fee to the detriment of the holder of the easement. Clearly the defendant could not disturb an existing right in the holder of the easement without becoming liable for the ultimate obstruction of it. Logic also compels the conclusion that plaintiff is entitled to the relief it seeks. Accordingly, the motion is in all respects granted, without costs.