Reversed and Remanded and Opinion filed August 26, 2008








Reversed and
Remanded and Opinion filed
August 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00401-CV

____________

 

SOUTHWESTERN BELL TELEPHONE, L.P., Appellant

 

V.

 

HARRIS COUNTY, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 854323

 



 

O P I N I O N

This proceeding arises out of an inverse condemnation
dispute.  Appellant Southwestern Bell Telephone, L.P. (SWBT) claims the county
court at law erred in granting appellee Harris County=s plea to the
jurisdiction.  Because we conclude the county court had jurisdiction over SWBT=s inverse
condemnation claim, we reverse and remand.








I.  Factual and
Procedural Background

In 1974, SWBT purchased a ten foot wide private utility
easement from a private landowner.  The language in the easement granted SWBT Aa permanent
easement to construct, operate, maintain, inspect, replace and remove such
underground telecommunication systems and lines, and all underground
appurtenances thereto, as may be required by [SWBT] from time to time, upon,
over and under a strip of land ten (10=) feet in width.@  The easement
also reserved to the landowner the right to use the surface, lay drainage
structures across and through the easement, and replace and remove electric
lines across and through the easement, so long as such improvements did not
unreasonably interfere with SWBT=s use of the
easement.  The rights granted SWBT under the easement were binding on the original
landowner and his successors and assigns. 

In 2004, Harris County purchased the underlying property as
part of a project that involved the widening of Cutton Road.  Harris County
took the property Asubject to all easements, restrictions and
reservations of record.@  The project required installing an
underground drainage culvert across SWBT=s easement and
converting a portion of the easement into a public right-of-way.  As a result,
SWBT was required to lower its underground telecommunication lines several
feet, move a manhole vault, and relocate various conduits and cables.  After
SWBT provided Harris County with the estimated cost of relocating its
equipment, Harris County informed SWBT that it would not pay the relocation
costs.  SWBT refused to relocate its telecommunications facilities without
compensation.








On November 22, 2005, Harris County filed suit against SWBT
in district court, seeking a temporary and permanent injunction requiring SWBT
to move its equipment and bear the relocation costs alone.  SWBT responded by
filing an inverse condemnation suit against Harris County in the County Civil
Court of Law No. 2.  SWBT claimed Harris County had taken its property in two
ways: (1) by forcing SWBT to relocate its facilities at its own expense and (2)
by converting a portion of SWBT=s easement into a public right-of-way.  In
order to avoid delay to the project, the parties agreed that SWBT would move
its lines and they would continue to litigate who should bear the cost.  On
August 31, 2006, the district court entered an order abating Harris County=s suit until the
county court case was resolved.  

Harris County filed a plea to the jurisdiction with the
county court, arguing that as a matter of law, SWBT had failed to properly
plead or prove that a taking had occurred and that sovereign immunity barred
SWBT=s claim.  SWBT
filed a motion for summary judgment in which it argued that forcing SWBT to
bear the cost of moving its equipment constituted a compensable taking to which
the doctrine of sovereign immunity did not apply.  On November 27, 2006, the
county court rendered judgment in SWBT=s favor and
awarded SWBT $167,390.99 in damages for the cost of moving the equipment. 
Harris County filed a motion for new trial, which was overruled by operation of
law.  However, before the county court=s plenary power
expired, a new presiding judge sua sponte granted Harris County a new
trial.[1] 
The county court then granted Harris County=s plea to the
jurisdiction.  This appeal followed.








In two issues, SWBT argues that the county court erred in
granting Harris County=s plea to the jurisdiction and denying its
motion for summary judgment because SWBT sufficiently pleaded the elements of
an inverse condemnation claim and because, as a matter of law, Harris County=s actions amount
to an unconstitutional taking.  In its plea to the jurisdiction, Harris County
argued that dismissal was required because SWBT=s original
petition failed to allege a cause of action for inverse condemnation.  Harris
County further argued that it was immune from suit under the doctrine of
sovereign immunity, the dispute had been previously joined in another suit in
district court before the instant suit was filed in county court, and the
amount sought was in excess of the maximum jurisdictional amount for
non-eminent domain cases.  

II.  Standard of Review

Because subject matter jurisdiction presents a question of
law, we review a trial court=s order granting a plea to the
jurisdiction de novo.  See Metro. Transit Auth. v. Burks, 79 S.W.3d 254,
256 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  A plea to the
jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of
action without regard to whether the claims asserted have merit.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The purpose of
a dilatory plea is not to force a plaintiff to preview its case on the merits,
but to establish a reason why the merits of its case should never be reached.  Id.
 In deciding a plea to the jurisdiction, a court may not weigh the merits
of the claims, but must consider only the plaintiffs= pleadings and the
evidence pertinent to the jurisdictional inquiry.  Id. at 554, 555. 
When we consider a trial court=s order on a plea to the jurisdiction, we
construe the pleadings liberally and look to the pleader=s intent.  Tex.
Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004).  A trial court accepts the factual allegations in the petition
as true, unless the defendant pleads and proves the allegations were
fraudulently made to confer jurisdiction.  Fort Bend Indep. Sch. Dist. v.
Rivera, 93 S.W.3d 315, 319 (Tex. App.CHouston [14th
Dist.] 2002, no pet.). 

In this case, the county court did not state the grounds
upon which it granted Harris County=s plea to the
jurisdiction.  As required, SWBT has attacked all independent grounds that may
support the adverse ruling.  See Britton v. Tex. Dep=t of Crim. Justice, 95 S.W.3d 676,
681B82 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).  We will sustain the county court=s order granting
Harris County=s plea if any ground alleged by Harris County is
meritorious.  See Villarreal v. Harris County, 226 S.W.3d 537, 541 (Tex.
App.CHouston [1st
Dist.] 2006, no pet.).








County civil courts at law have exclusive jurisdiction in
Harris County over eminent domain proceedings, both statutory and inverse,
regardless of the amount in controversy.  Tex.
Gov=t Code Ann. ' 25.1032(c) (Vernon 1988).  A landowner
may bring an inverse condemnation claim pursuant to article I, section 17, of
the Texas Constitution when his property is taken, damaged, or destroyed for,
or applied to, public use without adequate compensation.  A physical taking may
occur when the government physically appropriates or invades private property
or unreasonably interferes with the landowner=s right to use and
enjoy it.  Tarrant Reg=l Water Dist. v.
Gragg, 151 S.W.3d 546, 554 (Tex. 2004).  To recover on an inverse
condemnation claim, a property owner must establish that (1) the State or other
governmental entity intentionally performed certain acts, (2) that resulted in
the taking, damaging, or destruction of its property, (3) for public use.  Steele
v. City of Houston, 603 S.W.2d 786, 790B91 (Tex. 1980). 
Whether particular facts are enough to constitute a taking is a question of
law.  Gen. Servs. Comm=n v. Little‑Tex
Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001).

III.  Analysis








In its plea to the jurisdiction, Harris County argued the
county court lacked subject matter jurisdiction to hear SWBT=s claims because
SWBT=s original
petition failed to allege a cause of action for inverse condemnation.  Harris
County asserts that it was acting within a color of right under the easement
agreement and not under its eminent domain powers, and thus SWBT could not show
that Harris County had the requisite intent to establish a taking.  See
State v. Holland, 221 S.W.3d 639, 643 (Tex. 2007) (holding that when
government acts pursuant to colorable contract rights, it lacks necessary
intent to take under its eminent domain powers and thus retains its immunity
from suit).  The easement agreement reserved to Harris County the right to
improve the underlying property Aso long as such
improvements do not unreasonably impair [SWBT=s] use of the
easement.@  Harris County maintains that the easement language
allows them to require SWBT to relocate its telecommunications lines because
such relocation does not constitute an unreasonable impairment of SWBT=s use of the
easement. 

SWBT=s original petition alleges that (1)
Harris County is the fee owner of an estate burdened by SWBT=s private utility
easement, (2) expanding the right-of-way for Cutten Road into SWBT=s private easement
has transformed the underlying land into public right-of-way and deprived SWBT
of its private easement rights in that land, (3) Harris County has forced SWBT
to relocate, at its own expense, telecommunications facilities located within
the private easement, (4) these actions have substantially and unreasonably
interfered with SWBT=s private easement rights and constitute a
taking and damaging of SWBT=s constitutionally protected property
rights, and (5) SWBT has suffered damages as a result of Harris County=s unconstitutional
taking in an amount estimated to exceed $200,000, including the relocation
costs and diminished value of the private easement.








This court has held that requiring a utility easement
holder to relocate its equipment at its own expense amounts to a compensable
taking.  See Houston Lighting & Power Co. v. State, 925 S.W.2d 312,
315 (Tex. App.CHouston [14th Dist.] 1996, writ denied).  In Houston
Lighting & Power, the State refused to compensate a utility company for
the cost of relocating its electrical facilities.  Id. at 313B14.  This court
found that because the State acquired the underlying property subject to
dedicated utility easements, the utility company had a property right in the
easements and was entitled to compensation for its relocation expenses.  Id.
at 315.  Other Texas cases have similarly found that where a utility
company owns an easement, making a demand for relocation of the utility=s facilities
constitutes a taking.[2] 
A constitutional taking also occurs when a portion of a private easement is
converted into a public right-of-way.  See McLennan County v. Sinclair Pipe
Line Co., 323 S.W.2d 471, 474 (Tex. Civ. App.CWaco 1959, writ
ref=d n.r.e.) (holding
construction of public farm-to-market road across pipeline easement constituted
a taking); Sinclair Pipe Line Co. v. State, 322 S.W.2d 58, 60B61 (Tex. Civ. App.CFort Worth 1959,
no writ) (holding State could not require pipeline to alter pipes located
within pipeline=s easement to accommodate new road
right-of-way without paying compensation).  

Harris County argues the above cases are distinguishable
because the State did not claim it was acting pursuant to contract rights when
the taking occurred, whereas here Harris County is acting pursuant to language
in the easement agreement which allows improvements that do not Aunreasonably
impair SWBT=s use of the easement.@  In support of
its argument that it was not acting under its power of eminent domain, but was
acting pursuant to colorable contract rights, Harris County relies on State
v. Holland, 221 S.W.3d at 643.  In Holland, a patent holder alleged
that the State=s use of his patented process, without payment of
royalties, constituted an unconstitutional taking of his property.  Id. at
641.  After finding that the State presented uncontroverted evidence that the
inventor had voluntarily provided the patented product and services, and that
the State had accepted the product and services according to a contract between
the State and Holland=s company, the Texas Supreme Court held
the State was acting pursuant to contract and lacked the requisite intent to
take Holland=s patented process.  Id. at 644. 








Unlike Holland, SWBT did not contract with Harris
County to voluntarily give up a portion of its easement or move its equipment,
nor did SWBT contract to render services to Harris County.  The easement
language gave Harris County the right to take actions that Ado not
unreasonably impair [SWBT=s] use of the easement.@  Under the
auspices of this language, Harris County required SWBT to relocate a manhole
vault, conduits, cables, and telecommunications facilities within the easement,
relocate some facilities entirely outside the easement, and lower remaining
lines that are located in the new right-of-way several feet, thereby causing
SWBT to incur at least $200,000 in damages.  Although Harris County asserts
that their actions do not constitute a taking, a private landowner would not be
able to force SWBT to relocate its equipment, give up a portion of its easement
to public right-of-way, and incur up to $200,000 in damages based on the Aunreasonably
impair@ language in the
easement.  Only a government entity with condemning powers could force a
private utility company to relocate equipment and relinquish part of its
easement to public right-of-way, and under Texas case law, these actions
constitute a taking.  See Houston Lighting & Power Co., 925 S.W.2d
at 315; Magnolia Pipe Line Co. v. City of Tyler, 348 S.W.2d 537, 539,
543 (Tex. Civ. App.CTexarkana 1961, writ ref=d); McLennan
County, 323 S.W.2d at 473B74; Sinclair Pipe Line Co., 322
S.W.2d at 60B61.  Accordingly, we find Harris County=s argument that it
was acting pursuant to colorable contract rights unpersuasive.  

SWBT=s original petition alleged that Harris
County required SWBT to relocate its facilities and converted a portion of the
easement into a public right-of-way and that these actions were taken for the
purpose of completing a public road project.  We conclude SWBT=s original
petition sufficiently alleged the elements of a claim for inverse
condemnation.  Accordingly, the county court could not have properly granted
Harris County=s plea to the jurisdiction on grounds that SWBT failed
to sufficiently plead a claim for inverse condemnation.








Harris County also argued in its plea to the jurisdiction
that the county court at law lacked jurisdiction because the dispute was
previously joined in another suit in district court.  After SWBT refused to
relocate its equipment, Harris County sued SWBT in district court.  One month
later, SWBT filed the inverse condemnation claim in the county court of law
that is the basis of the instant lawsuit.  We have already concluded SWBT=s original
petition pleaded a cause of action for an inverse condemnation claim, giving
the county court at law exclusive jurisdiction over the case.  See Tex. Gov=t Code Ann. ' 25.1032(c). 
Moreover, the parties agreed to an abatement of the district court action until
the county court proceeding was resolved.  The district court thus acted
appropriately in deferring to the county court at law=s jurisdiction
over the dispute.  See Taub v. Aquila Sw. Pipeline Corp., 93 S.W.3d 451,
458 n.10 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(stating that if suit between condemnor and property owner is pending in
district court while eminent domain suit is pending in county court at law,
condemnor may move to abate claims in district court until resolution of
eminent domain case in county court).  Accordingly, this argument is not a
valid basis for granting Harris County=s plea to the
jurisdiction.

Finally, Harris County claimed the county court lacked
jurisdiction because Harris County was immune from suit under the doctrine of
sovereign immunity and because the amount sought was in excess of the maximum
jurisdictional amount for non-eminent domain cases.  Sovereign immunity bars a
breach of contract claim, but it does not shield a governmental entity from a
takings clause action for compensation under article I, section 17, of the
Texas Constitution.  Little‑Tex Insulation Co., 39 S.W.3d at 598. 
We have already concluded SWBT=s petition sufficiently alleged a cause of
action for a taking under article I, section 17, of the Texas Constitution, and
therefore SWBT=s claim was not barred by sovereign immunity. 
Moreover, because county courts at law have exclusive jurisdiction in Harris
County over eminent domain proceedings, regardless of the amount in
controversy, Harris County=s argument that the amount in controversy
was in excess of the county court=s jurisdictional
amount is without merit.  See Tex.
Gov=t Code Ann. ' 25.1032(c). 








We find that none of the grounds set forth in Harris County=s plea to the
jurisdiction provide an independent ground for affirming the county court=s judgment.  We
sustain SWBT=s first issue.

In its second issue, SWBT argues that this court should
render judgment in SWBT=s favor.  SWBT correctly states that when
presented with cross-motions for summary judgment ruled on below, an appellate
court may render the decision the trial court should have rendered.  See
Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988) (citing Tobin v.
Garcia, 316 S.W.2d 396 (Tex. 1958)).  SWBT filed a motion for summary
judgment; Harris County filed a plea to the jurisdiction.  Thus SWBT=s argument
necessarily asks that we treat Harris County=s plea to the
jurisdiction as a motion for summary judgment.  However, a Aplea to the
jurisdiction is not a surrogate for a summary judgment.@  City of
Celina v. Dynavest Joint Venture, 253 S.W.3d 399, 404 (Tex. App.CAustin Apr. 24,
2008, no pet.).  In reviewing a plea to the jurisdiction, we cannot examine the
merits of the case or the issues raised in a motion for summary judgment but
must consider only the plaintiffs= pleadings and
evidence pertinent to the jurisdictional inquiry.  See Bland Indep. Sch.
Dist., 34 S.W.3d at 555; City of Houston v. Rushing, 7 S.W.3d 909,
913 (Tex. App.CHouston [1st Dist.] 1999, pet. denied) (explaining
that A[a] motion for
summary judgment concerns the merits of a lawsuit@ whereas Aa plea to the
jurisdiction concerns whether the pleadings state a cause of action that
confers jurisdiction on the trial court@).  Accordingly,
we must limit our decision to the jurisdictional arguments raised in Harris
County=s plea.  We cannot
address the issues raised by SWBT=s summary judgment
motion.  See Tomball Hosp. Auth. v. Harris County Hosp. Dist., 178
S.W.3d 244, 248B49 (Tex. App.CHouston [14th
Dist.] 2005, pet. granted) (stating that because appeal arose out of grant of
plea to jurisdiction and trial court did not rule on summary judgment motion,
appellate court was limited to jurisdictional issues raised in plea and could
not address issues raised in motion).  We overrule SWBT=s second issue.








We reverse the judgment of the county court and remand this
case for further proceedings consistent with this opinion.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Opinion filed August 26, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

 

 

 









[1]  Although the record reflects that the new judge
granted Harris County=s motion for new trial on February 23, 2007, that
motion had already been overruled by operation of law on February 12, 2007.  Tex. R. Civ. P. 329b(c).





[2]  See Harris County Toll Rd. Auth. v. Sw. Bell Tel., L.P., No. 01‑05‑00668‑CV,
___ S.W.3d ___, 2006 WL 2641204, at *14 (Tex. App.CHouston [1st Dist.] 2006, pet.
granted) (AThus, if a utility company acquires
an easement over private land and is later asked to move its lines from the
easement to accommodate road construction once the private land is annexed into
a city, the city must reimburse the utility for its relocation costs under
article I, section 17 of the Texas Constitution.@); Magnolia Pipe Line Co. v. City of Tyler,
348 S.W.2d 537, 539, 543 (Tex. Civ. App.CTexarkana 1961, writ ref=d) (holding that requiring pipeline to lower pipes located
within pipeline=s easement was a compensable taking);
McLennan County v. Sinclair Pipe Line Co., 323 S.W.2d 471, 473B74 (Tex. Civ. App.CWaco 1959, writ ref=d n.r.e.) (same); Sinclair Pipe
Line Co. v. State, 322 S.W.2d 58, 60B61 (Tex. Civ. App.CFort Worth 1959, no writ) (holding State invaded private
pipeline easement by requiring pipeline to move its pipe to accommodate State=s road construction); see also
CenterPoint Energy Houston Elec. LLC v. Harris County Toll Rd. Auth., 436
F.3d 541, 543 n.3 (5th Cir. 2006) (noting that general rule that utilities can
be required to relocate from public right-of-way at their own expense is
altered when utility holds an ownership interest, such as an easement).