**SOUTHWESTERN BELL TELEPHONE, L.P., Appellant,**

v.

**HARRIS COUNTY, Appellee.**

No. 14–07–00401–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 26, 2008.

Rehearing Overruled Aug. 30, 2008.

---

Timothy Whitley, Shira R. Yoshor, Philip J. John, Jr., Karlene Dunn Poll, Houston, TX, for appellants.

Melissa Lynn Koch Barloco, Bruce S. Powers, Houston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

This proceeding arises out of an inverse condemnation dispute. Appellant Southwestern Bell Telephone, L.P. (SWBT) claims the county court at law erred in

granting appellee Harris County's plea to the jurisdiction. Because we conclude the county court had jurisdiction over SWBT's inverse condemnation claim, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1974, SWBT purchased a ten foot wide private utility easement from a private landowner. The language in the easement granted SWBT "a permanent easement to construct, operate, maintain, inspect, replace and remove such underground telecommunication systems and lines, and all underground appurtenances thereto, as may be required by [SWBT] from time to time, upon, over and under a strip of land ten (10') feet in width." The easement also reserved to the landowner the right to use the surface, lay drainage structures across and through the easement, and replace and remove electric lines across and through the easement, so long as such improvements did not unreasonably interfere with SWBT's use of the easement. The rights granted SWBT under the easement were binding on the original landowner and his successors and assigns.

In 2004, Harris County purchased the underlying property as part of a project that involved the widening of Cutton Road. Harris County took the property "subject to all easements, restrictions and reservations of record." The project required installing an underground drainage culvert across SWBT's easement and converting a portion of the easement into a public right-of-way. As a result, SWBT was required to lower its underground telecommunication lines several feet, move a manhole vault, and relocate various conduits and cables. After SWBT provided Harris County with the estimated cost of relocating its equipment, Harris County informed SWBT that it would not pay the relocation

costs. SWBT refused to relocate its telecommunications facilities without compensation.

On November 22, 2005, Harris County filed suit against SWBT in district court, seeking a temporary and permanent injunction requiring SWBT to move its equipment and bear the relocation costs alone. SWBT responded by filing an inverse condemnation suit against Harris County in the County Civil Court of Law No. 2. SWBT claimed Harris County had taken its property in two ways: (1) by forcing SWBT to relocate its facilities at its own expense and (2) by converting a portion of SWBT's easement into a public right-of-way. In order to avoid delay to the project, the parties agreed that SWBT would move its lines and they would continue to litigate who should bear the cost. On August 31, 2006, the district court entered an order abating Harris County's suit until the county court case was resolved.

Harris County filed a plea to the jurisdiction with the county court, arguing that as a matter of law, SWBT had failed to properly plead or prove that a taking had occurred and that sovereign immunity barred SWBT's claim. SWBT filed a motion for summary judgment in which it argued that forcing SWBT to bear the cost of moving its equipment constituted a compensable taking to which the doctrine of sovereign immunity did not apply. On November 27, 2006, the county court rendered judgment in SWBT's favor and awarded SWBT $167,390.99 in damages for the cost of moving the equipment. Harris County filed a motion for new trial, which was overruled by operation of law. However, before the county court's plenary power expired, a new presiding judge *sua sponte* granted Harris County a new trial.[1] The county court then granted

1. Although the record reflects that the new

judge granted Harris County's motion for new

Harris County's plea to the jurisdiction. This appeal followed.

In two issues, SWBT argues that the county court erred in granting Harris County's plea to the jurisdiction and denying its motion for summary judgment because SWBT sufficiently pleaded the elements of an inverse condemnation claim and because, as a matter of law, Harris County's actions amount to an unconstitutional taking. In its plea to the jurisdiction, Harris County argued that dismissal was required because SWBT's original petition failed to allege a cause of action for inverse condemnation. Harris County further argued that it was immune from suit under the doctrine of sovereign immunity, the dispute had been previously joined in another suit in district court before the instant suit was filed in county court, and the amount sought was in excess of the maximum jurisdictional amount for non-eminent domain cases.

## II. STANDARD OF REVIEW

■ Because subject matter jurisdiction presents a question of law, we review a trial court's order granting a plea to the jurisdiction de novo. *See Metro. Transit Auth. v. Burks,* 79 S.W.3d 254, 256 (Tex. App.–Houston [14th Dist.] 2002, no pet.). A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The purpose of a dilatory plea is not to force a plaintiff to preview its case on the merits, but to establish a reason why the merits of its case should never be reached. *Id.* In deciding a plea to the jurisdiction, a court may not weigh the merits of the claims, but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.* at 554, 555. When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings liberally and look to the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). A trial court accepts the factual allegations in the petition as true, unless the defendant pleads and proves the allegations were fraudulently made to confer jurisdiction. *Fort Bend Indep. Sch. Dist. v. Rivera,* 93 S.W.3d 315, 319 (Tex.App.–Houston [14th Dist.] 2002, no pet.).

■ In this case, the county court did not state the grounds upon which it granted Harris County's plea to the jurisdiction. As required, SWBT has attacked all independent grounds that may support the adverse ruling. *See Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676, 681–82 (Tex. App.–Houston [1st Dist.] 2002, no pet.). We will sustain the county court's order granting Harris County's plea if any ground alleged by Harris County is meritorious. *See Villarreal v. Harris County,* 226 S.W.3d 537, 541 (Tex.App.–Houston [1st Dist.] 2006, no pet.).

■ County civil courts at law have exclusive jurisdiction in Harris County over eminent domain proceedings, both statutory and inverse, regardless of the amount in controversy. TEX. GOV'T CODE ANN. § 25.1032(c) (Vernon 1988). A landowner may bring an inverse condemnation claim pursuant to article I, section 17, of the Texas Constitution when his property is taken, damaged, or destroyed for, or applied to, public use without adequate compensation. A physical taking may occur when the government physically ap-

trial on February 23, 2007, that motion had already been overruled by operation of law on February 12, 2007. TEX R. CIV. P. 329b(c).

propriates or invades private property or unreasonably interferes with the landowner's right to use and enjoy it. *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex.2004). To recover on an inverse condemnation claim, a property owner must establish that (1) the State or other governmental entity intentionally performed certain acts, (2) that resulted in the taking, damaging, or destruction of its property, (3) for public use. *Steele v. City of Houston*, 603 S.W.2d 786, 790–91 (Tex. 1980). Whether particular facts are enough to constitute a taking is a question of law. *Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

### III. ANALYSIS

In its plea to the jurisdiction, Harris County argued the county court lacked subject matter jurisdiction to hear SWBT's claims because SWBT's original petition failed to allege a cause of action for inverse condemnation. Harris County asserts that it was acting within a color of right under the easement agreement and not under its eminent domain powers, and thus SWBT could not show that Harris County had the requisite intent to establish a taking. *See State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) (holding that when government acts pursuant to colorable contract rights, it lacks necessary intent to take under its eminent domain powers and thus retains its immunity from suit). The easement agreement reserved to Harris County the right to improve the underlying property "so long as such improvements do not unreasonably impair [SWBT's] use of the easement." Harris County maintains that the easement language allows them to require SWBT to relocate its telecommunications lines because such relocation does not constitute an unreasonable impairment of SWBT's use of the easement.

■ SWBT's original petition alleges that (1) Harris County is the fee owner of an estate burdened by SWBT's private utility easement, (2) expanding the right-of-way for Cutten Road into SWBT's private easement has transformed the underlying land into public right-of-way and deprived SWBT of its private easement rights in that land, (3) Harris County has forced SWBT to relocate, at its own expense, telecommunications facilities located within the private easement, (4) these actions have substantially and unreasonably interfered with SWBT's private easement rights and constitute a taking and damaging of SWBT's constitutionally protected property rights, and (5) SWBT has suffered damages as a result of Harris County's unconstitutional taking in an amount estimated to exceed $200,000, including the relocation costs and diminished value of the private easement.

■ This court has held that requiring a utility easement holder to relocate its equipment at its own expense amounts to a compensable taking. *See Houston Lighting & Power Co. v. State*, 925 S.W.2d 312, 315 (Tex.App.–Houston [14th Dist.] 1996, writ denied). In *Houston Lighting & Power*, the State refused to compensate a utility company for the cost of relocating its electrical facilities. *Id.* at 313–14. This court found that because the State acquired the underlying property subject to dedicated utility easements, the utility company had a property right in the easements and was entitled to compensation for its relocation expenses. *Id.* at 315. Other Texas cases have similarly found that where a utility company owns an easement, making a demand for relocation of the utility's facilities constitutes a taking.[2] A constitutional taking also occurs

---

**2.** *See Harris County Toll Rd. Auth. v. Sw. Bell Tel., L.P.*, 263 S.W.3d 48, 67 (Tex.App.–Hous-

when a portion of a private easement is converted into a public right-of-way. *See McLennan County v. Sinclair Pipe Line Co.*, 323 S.W.2d 471, 474 (Tex.Civ.App.–Waco 1959, writ ref'd n.r.e.) (holding construction of public farm-to-market road across pipeline easement constituted a taking); *Sinclair Pipe Line Co. v. State*, 322 S.W.2d 58, 60–61 (Tex.Civ.App.–Fort Worth 1959, no writ) (holding State could not require pipeline to alter pipes located within pipeline's easement to accommodate new road right-of-way without paying compensation).

Harris County argues the above cases are distinguishable because the State did not claim it was acting pursuant to contract rights when the taking occurred, whereas here Harris County is acting pursuant to language in the easement agreement which allows improvements that do not "unreasonably impair SWBT's use of the easement." In support of its argument that it was not acting under its power of eminent domain, but was acting pursuant to colorable contract rights, Harris County relies on *State v. Holland*, 221 S.W.3d at 643. In *Holland*, a patent holder alleged that the State's use of his patented process, without payment of royalties, constituted an unconstitutional taking of his property. *Id.* at 641. After finding that the State presented uncontroverted evidence that the inventor had voluntarily provided the patented product and ser-

vices, and that the State had accepted the product and services according to a contract between the State and Holland's company, the Texas Supreme Court held the State was acting pursuant to contract and lacked the requisite intent to take Holland's patented process. *Id.* at 644.

Unlike *Holland*, SWBT did not contract with Harris County to voluntarily give up a portion of its easement or move its equipment, nor did SWBT contract to render services to Harris County. The easement language gave Harris County the right to take actions that "do not unreasonably impair [SWBT's] use of the easement." Under the auspices of this language, Harris County required SWBT to relocate a manhole vault, conduits, cables, and telecommunications facilities within the easement, relocate some facilities entirely outside the easement, and lower remaining lines that are located in the new right-of-way several feet, thereby causing SWBT to incur at least $200,000 in damages. Although Harris County asserts that their actions do not constitute a taking, a private landowner would not be able to force SWBT to relocate its equipment, give up a portion of its easement to public right-of-way, and incur up to $200,000 in damages based on the "unreasonably impair" language in the easement. Only a government entity with condemning powers could force a private utility company to

ton [1st Dist.] 2006, pet. granted) ("Thus, if a utility company acquires an easement over private land and is later asked to move its lines from the easement to accommodate road construction once the private land is annexed into a city, the city must reimburse the utility for its relocation costs under article I, section 17 of the Texas Constitution."); *Magnolia Pipe Line Co. v. City of Tyler*, 348 S.W.2d 537, 539, 543 (Tex.Civ.App.–Texarkana 1961, writ ref'd) (holding that requiring pipeline to lower pipes located within pipeline's easement was a compensable taking); *McLennan County v. Sinclair Pipe Line Co.*, 323 S.W.2d 471,

473–74 (Tex.Civ.App.–Waco 1959, writ ref'd n.r.e.) (same); *Sinclair Pipe Line Co. v. State*, 322 S.W.2d 58, 60–61 (Tex.Civ.App.–Fort Worth 1959, no writ) (holding State invaded private pipeline easement by requiring pipeline to move its pipe to accommodate State's road construction); *see also CenterPoint Energy Houston Elec. LLC v. Harris County Toll Rd. Auth.*, 436 F.3d 541, 543 n. 3 (5th Cir. 2006) (noting that general rule that utilities can be required to relocate from public right-of-way at their own expense is altered when utility holds an ownership interest, such as an easement).

relocate equipment and relinquish part of its easement to public right-of-way, and under Texas case law, these actions constitute a taking. *See Houston Lighting & Power Co.,* 925 S.W.2d at 315; *Magnolia Pipe Line Co. v. City of Tyler,* 348 S.W.2d 537, 539, 543 (Tex.Civ.App.–Texarkana 1961, writ ref'd); *McLennan County,* 323 S.W.2d at 473–74; *Sinclair Pipe Line Co.,* 322 S.W.2d at 60–61. Accordingly, we find Harris County's argument that it was acting pursuant to colorable contract rights unpersuasive.

SWBT's original petition alleged that Harris County required SWBT to relocate its facilities and converted a portion of the easement into a public right-of-way and that these actions were taken for the purpose of completing a public road project. We conclude SWBT's original petition sufficiently alleged the elements of a claim for inverse condemnation. Accordingly, the county court could not have properly granted Harris County's plea to the jurisdiction on grounds that SWBT failed to sufficiently plead a claim for inverse condemnation.

▪ Harris County also argued in its plea to the jurisdiction that the county court at law lacked jurisdiction because the dispute was previously joined in another suit in district court. After SWBT refused to relocate its equipment, Harris County sued SWBT in district court. One month later, SWBT filed the inverse condemnation claim in the county court of law that is the basis of the instant lawsuit. We have already concluded SWBT's original petition pleaded a cause of action for an inverse condemnation claim, giving the county court at law exclusive jurisdiction over the case. *See* Tex. Gov't Code Ann. § 25.1032(c). Moreover, the parties agreed to an abatement of the district court action until the county court proceeding was resolved. The district court thus acted appropriately in deferring to the county court at law's jurisdiction over the dispute. *See Taub v. Aquila Sw. Pipeline Corp.,* 93 S.W.3d 451, 458 n. 10 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (stating that if suit between condemnor and property owner is pending in district court while eminent domain suit is pending in county court at law, condemnor may move to abate claims in district court until resolution of eminent domain case in county court). Accordingly, this argument is not a valid basis for granting Harris County's plea to the jurisdiction.

▪ Finally, Harris County claimed the county court lacked jurisdiction because Harris County was immune from suit under the doctrine of sovereign immunity and because the amount sought was in excess of the maximum jurisdictional amount for non-eminent domain cases. Sovereign immunity bars a breach of contract claim, but it does not shield a governmental entity from a takings clause action for compensation under article I, section 17, of the Texas Constitution. *Little–Tex Insulation Co.,* 39 S.W.3d at 598. We have already concluded SWBT's petition sufficiently alleged a cause of action for a taking under article I, section 17, of the Texas Constitution, and therefore SWBT's claim was not barred by sovereign immunity. Moreover, because county courts at law have exclusive jurisdiction in Harris County over eminent domain proceedings, regardless of the amount in controversy, Harris County's argument that the amount in controversy was in excess of the county court's jurisdictional amount is without merit. *See* Tex. Gov't Code Ann. § 25.1032(c).

We find that none of the grounds set forth in Harris County's plea to the jurisdiction provide an independent ground for affirming the county court's judgment. We sustain SWBT's first issue.

In its second issue, SWBT argues that this court should render judgment in SWBT's favor. SWBT correctly states that when presented with cross-motions for summary judgment ruled on below, an appellate court may render the decision the trial court should have rendered. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (citing *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958)). SWBT filed a motion for summary judgment; Harris County filed a plea to the jurisdiction. Thus SWBT's argument necessarily asks that we treat Harris County's plea to the jurisdiction as a motion for summary judgment. However, a "plea to the jurisdiction is not a surrogate for a summary judgment." *City of Celina v. Dynavest Joint Venture,* 253 S.W.3d 399, 404 (Tex.App.–Austin Apr.24, 2008, no pet.). In reviewing a plea to the jurisdiction, we cannot examine the merits of the case or the issues raised in a motion for summary judgment but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional inquiry. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 555; *City of Houston v. Rushing,* 7 S.W.3d 909, 913 (Tex.App.–Houston [1st Dist.] 1999, pet. denied) (explaining that "[a] motion for summary judgment concerns the merits of a lawsuit" whereas "a plea to the jurisdiction concerns whether the pleadings state a cause of action that confers jurisdiction on the trial court"). Accordingly, we must limit our decision to the jurisdictional arguments raised in Harris County's plea. We cannot address the issues raised by SWBT's summary judgment motion. *See Tomball Hosp. Auth. v. Harris County Hosp. Dist.,* 178 S.W.3d 244, 248–49 (Tex.App.–Houston [14th Dist.] 2005, pet. granted) (stating that because appeal arose out of grant of plea to jurisdiction and trial court did not rule on summary judgment motion, appellate court was limited to jurisdictional issues raised in plea and could not address issues raised in motion). We overrule SWBT's second issue.

We reverse the judgment of the county court and remand this case for further proceedings consistent with this opinion.